21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Lee BLACKMAN, aka: Jerry Lee Blackmun, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-56122.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Lee Blackman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Blackman pleaded guilty to one count of possession with intent to distribute a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 Blackman contends that his guilty plea was involuntary, because counsel gave him incorrect advice regarding the plea agreement. He contends further that counsel induced him to sign the plea agreement despite his reservations about some of its terms. These contentions have no merit.
 
 
 4
 A guilty plea must be voluntary to comport with the guarantees of due process. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The defendant must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id. at 242-43. We accord substantial weight to the defendant's contemporaneous on-the-record statements in assessing the voluntariness of a guilty plea. United States v. Mims, 928 F.2d 310, 311 (9th Cir.1991).
 
 
 5
 Here, the record clearly shows that Blackman was informed of the charges against him, the constitutional rights he was waiving, and the maximum sentence that could be imposed. He was also told that the Sentencing Guidelines would apply, and was informed that the behavior charged in dismissed counts could be taken into account at sentencing. Blackman did not object to any of these statements. See Mims, 928 F.2d at 312 (defendant's failure to object on record to terms of plea agreement evidences voluntariness). There is no evidence of coercion or other improper inducements by defense counsel. Accordingly, we find that Blackman's plea was voluntary. See Boykin, 395 U.S. at 242-43.
 
 
 6
 Blackman also alleges that his counsel was ineffective for failing to negotiate a more favorable plea agreement. Specifically, he contends that counsel should not have agreed to a plea bargain that allowed the court to consider conduct charged in dismissed counts at sentencing, in violation of Ninth Circuit precedent.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.
 
 
 8
 Here, counsel negotiated a plea agreement which allowed the district court to consider conduct underlying the dismissed counts in determining Blackman's guideline offense level. Contrary to Blackman's contention, we have explicitly approved such plea agreements. See United States v. Fine, 975 F.2d 596, 600-04 (9th Cir.1992) (en banc). Accordingly, we find no deficiency in counsel's performance. See Strickland, 466 U.S. at 687. Furthermore, Blackman cannot show prejudice resulting from this alleged error. He was sentenced to 121 months imprisonment; absent the increase in his offense level based on conduct charged in the dismissed counts, he would have been subject to a mandatory minimum sentence of 120 months. Finally, Blackman does not allege that, absent counsel's alleged error, he would not have pleaded guilty. He alleges only that counsel should have gotten him a more favorable plea bargain. This does not satisfy the prejudice test of Strickland, 466 U.S. at 687, and Hill, 474 U.S. at 59. Accordingly, we find that Blackman did not receive ineffective assistance of counsel.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blackman contends that he is entitled to an evidentiary hearing on his allegations, because they are based in part on events outside of the record. See 28 U.S.C. Sec. 2255 (district court must hold an evidentiary hearing unless the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief). However, Blackman's counsel submitted an affidavit which responded specifically to Blackman's allegations of improper conduct. In light of this, and in light of our disposition of Blackman's legal arguments, we find that the district court did not abuse its discretion by failing to hold an evidentiary hearing. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991); Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989) (conclusory allegations do not require an evidentiary hearing)