**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald LUNSFORD,
Defendant-Appellant.**

No. 85–2271.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 1986.*

Decided April 11, 1986.

Brian C. Leighton, U.S. Atty. Office, Fresno, Cal., for plaintiff-appellee.

Ronald Lunsford, El Reno, Okl., for defendant-appellant.

Before GOODWIN, NORRIS and BRUNETTI, Circuit Judges.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

PER CURIAM:

Ronald Lunsford pled guilty to two of eight charges of controlled substances violations. In exchange for his guilty plea, the government agreed to seek no more than a seven-year sentence; not to argue against allowing the defendant to serve the sentence concurrently with a state incarceration; and also agreed not to call Lunsford as a witness in the trial of his codefendants.

The court accepted the terms of the plea bargain but neglected to advise Lunsford until after receiving his guilty plea that, although he would receive at most a seven-year prison sentence, he could also receive a special parole term lasting the rest of his life. Immediately following the guilty plea the court and counsel gave a full explanation to Lunsford, and he said that he understood it. He did not ask to withdraw his plea.

Lunsford now appeals the denial of relief pursuant to 28 U.S.C. § 2255 (1982). The district court, without a hearing, found from the record that Lunsford had been aware, concurrently with the taking of his guilty plea, that a special parole term of life could be imposed. The court also found as a matter of law that defendant was sentenced for two different offenses and therefore the imposition of two sentences did not violate the constitutional prohibition against double jeopardy. The court also ruled that there was no evidence that Lunsford had been denied effective assistance of counsel.

■ Defendant's guilty plea was entered voluntarily and knowingly. He was aware of the special parole term immediately after he entered his plea and did not object then, or at the sentencing hearing when asked for any corrections or changes during allocution.

■ The proper time to inform the defendant of the special parole term is prior to his pleading guilty. *United States v. Harris*, 534 F.2d 141, 142 (9th Cir.1976). Federal Rule of Criminal Procedure 11 prohibits "a district court from accepting a guilty plea 'without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of ... the consequences of the plea.' ... [T]he imposition of a mandatory special parole term is a 'consequence of the plea' within the meaning of the rule." 534 F.2d at 142. However, courts on occasion fail to inform the defendant of the special parole term until after he pleads guilty, but before imposing sentence. *United States v. Walsh*, 733 F.2d 31, 34 (6th Cir.1984); *McRae v. United States*, 540 F.2d 943, 946 (8th Cir.1976) (alternate holdings). This error is not sufficient to overturn the plea on a collateral attack if the court gives defendant opportunity to object to the special parole prior to sentencing.

AFFIRMED.