815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie E. BOWMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-5354.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This federal prisoner appeals from a district court judgment denying his motion to vacate his sentence of seven years imposed after he pleaded guilty to one count of conspiracy to distribute and possess marijuana and cocaine and one count of marijuana possession in violation of 21 U.S.C. Sec. 841, 846 and 18 U.S.C. Sec. 2. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner seeks to collaterally attack his 1983 conviction pursuant to 28 U.S.C. Sec. 2255 on the ground that his guilty plea was not voluntary and knowing. His arguments are based on violations of Rule 11, Federal Rules of Criminal Procedure, charging no understanding of the nature of the conspiracy charge or the parole consequences of his plea and no factual basis established for the plea.
 
 
 3
 As the district court pointed out in its opinion, the record of the plea hearing refutes petitioner's allegations. In this collateral attack, the explanation of the conditions of petitioner's special parole immediately after the plea was accepted is not sufficient alone to invalidate petitioner's guilty plea where he was made aware of the special parole and was given an earlier opportunity to ask questions about the special parole term. Cf. United States v. Timmreck, 441 U.S. 780 (1979); United States v. Lunsford, 787 F.2d 465, 466 (9th Cir.1986) (per curiam); United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). In addition, petitioner's expectations of parole are not an adequate basis to invalidate an otherwise voluntary and knowing guilty plea. See Self v. Blackburn, 751 F.2d 789, 792-793 (5th Cir.1985); Berry v. Mintzes, 726 F.2d 1142, 1149-50 (6th Cir.), cert. denied, 467 U.S. 1245 (1984); Brown v. Perini, 718 F.2d 784, 787-788 (6th Cir.1983); Ruip v. United States, 555 F.2d 1331, 1336 (6th Cir.1977).
 
 
 4
 Finally, it is likewise clear that based on its review of the record, the district court was correct in denying petitioner an evidentiary hearing and in denying his motion to vacate sentence. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 107 S.Ct. 667 (1986).
 
 
 5
 For these reasons, we affirm the district court's judgment pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.