**UNITED STATES of America, Plaintiff–Appellee,**

v.

**George Lee MIMS, Defendant–Appellant.**

**No. 90–30104.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1990.*

Decided March 14, 1991.

As Amended on Denial of Rehearing May 20, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Joseph Schlesinger, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Barbara J. Sievers, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before TANG, O'SCANNLAIN and LEAVY, Circuit Judges.

TANG, Circuit Judge:

## INTRODUCTION

In December 1989, Mr. Mims entered a plea of guilty to armed robbery of the Everett Mutual Savings Bank in Everett, Washington. The presentence report revealed the government's intention to request sentencing of Mims as a career offender, based on his prior felony record, under § 4B1.1 of the Sentencing Guidelines. Shortly thereafter, Mims filed a motion challenging one of the two felony convictions—a 1980 guilty plea to unarmed bank robbery in Florida state court—upon which the government predicated its request for career offender sentencing. The district court denied the motion and sentenced Mims to twenty-five years' imprisonment, finding him to be a career offender within the meaning of the Sentencing Guidelines, § 4B1.1.

On appeal, Mims argues that the Florida plea was not voluntary both because it was induced by an unfulfilled plea agreement and because he was denied constitutionally adequate representation by his attorney

during the course of the plea negotiations. We reject both claims and affirm.

### STANDARD OF REVIEW

We will not disturb a district court's findings as to the voluntariness and the terms of a plea agreement unless they are clearly erroneous. *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir.1985), *as amended, cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). Whether an attorney's representation of a defendant fell below the constitutional standard set by the sixth amendment is a question of law reviewed *de novo. United States v. Layton*, 855 F.2d 1388, 1416 (9th Cir.1988), *cert. denied*, 489 U.S. 1046, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989). We will overturn the findings of fact upon which the district court premised its resolution of this constitutional claim only if they are clearly erroneous. *Id.*

■ At the time of Mims' sentencing, the Guidelines controlled defendants' challenges to prior convictions used to enhance their sentences under the career offender provision. *See* Sentencing Guidelines, § 4A1.2, Application Note 6; § 4B1.2, Application Note 4.[1] The defendant bears the burden of establishing that a conviction is constitutionally infirm. Sentencing Guidelines, § 4A1.2, Application Note 6 ("Convictions which the *defendant shows* to have been constitutionally invalid may not be counted in the criminal history score.") (emphasis added). *See also United States v. Davenport*, 884 F.2d 121, 124 (4th Cir. 1989). Such challenges test a conviction's validity solely for the purpose of using it as a basis for enhanced punishment, and do not have preclusive effect in state or federal habeas corpus proceedings challenging

the same conviction. *United States v. Jones*, 907 F.2d 456, 468–69 (4th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991).[2]

#### A. Content of the Plea Agreement

■ Mims argues, as his first ground for removing the 1980 conviction as a sentencing predicate, that the government's failure to adhere to the terms of the agreement invalidated the plea. To support his contention, Mims introduced an affidavit, in which he attested both to representations made by his attorney concerning the prosecution's willingness to forego habitual offender treatment (which would have resulted in an enhanced sentence) and to his intention to enter the plea only if the state would not sentence him as a habitual offender.

The district court rejected this challenge to the conviction, holding that the plea agreement did not include a promise not to seek sentencing of Mims as a habitual offender. For these reasons, we hold that this conclusion was not clearly erroneous.

First, Mims did not object at the time of sentencing, even after it became apparent that the state court would sentence him as a habitual offender. To the contrary, Mims insisted that the judge proceed immediately to the imposition of sentence and "get it over with." *See Dukes v. Warden, Connecticut State Prison*, 406 U.S. 250, 256–57, 92 S.Ct. 1551, 1554–55, 32 L.Ed.2d 45 (1972) (failure to articulate objection to a plea on the record evidences that it was entered into voluntarily and knowingly); *United States v. Lunsford*, 787 F.2d 465, 466 (9th Cir.1986) (defendant's failure to object at sentencing suggests plea was entered into voluntarily and knowingly).

---

**1.** The 1990 amendments to the Sentencing Guidelines deleted the provision covering defendants' challenges to the validity of predicate offenses before the sentencing court. These amendments did not take effect until November 1, 1990, however. Mr. Mims is entitled to avail himself of the Sentencing Guidelines provisions that were in effect at the time of his sentencing. *United States v. Carvajal*, 905 F.2d 1292, 1294 (9th Cir.1990).

**2.** Because Mr. Mims was neither incarcerated nor subject to an outstanding warrant in Florida in connection with this 1980 conviction at the time he brought his § 4A1.2 motion, habeas corpus would not have provided him an alternative vehicle for challenging the validity of the plea at the time of his federal sentencing hearing. We thus have no occasion to decide whether or how a § 4A1.2 motion would proceed in cases where the defendant has a pending or prospective habeas corpus challenge to the conviction in question.

■ Second, nothing in the record reveals an agreement concerning habitual offender status. We attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas. *See Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir.1986). Conversely, it was not clear error for the district court to accord significance to the absence of any indication in the record substantiating Mims' version of the plea agreement.

Third, a Florida appeals court had already rejected this claim when Mims raised it in his 1982 petition for habeas corpus. This judgment reasonably could have informed the district court's conclusion regarding the content of the plea agreement. *See State v. Mims*, No. 8002131CFAS0 (Fla. Cir.Ct., Sept. 3, 1982) (order denying petition for habeas corpus).

### B. *Ineffective Assistance of Counsel*

■ Mims argues, secondly, that his attorney's constitutionally deficient representation fatally infected the Florida plea agreement. Specifically, Mims contends that his attorney's representation of codefendants with conflicting interests violated his sixth amendment rights. In order to prevail, Mims must show that the attorney who negotiated his plea labored under a conflict of interest of constitutional dimensions. *See United States v. Sutton*, 794 F.2d 1415, 1419 (9th Cir.1986). Joint representation of codefendants does not constitute a *per se* violation of the sixth amendment. *Id.* at 1419. When, as here, a defendant failed to object to the joint representation, he must show that (1) an actual conflict existed, and (2) the conflict affected the adequacy of his representation. *Id.*

We affirm the district court's determination that Mims failed to show that his representation was constitutionally deficient. First, Mims failed to establish that an actual conflict existed. He surmises that his former counsel used a codefendant's statement that he would testify on Mims' behalf in order to exact further concessions from the prosecution for the codefendant, rather than working to reduce Mims' sentencing exposure. Mims cites nothing in the record, however, to corroborate this conjecture.

Moreover, Mims failed to establish that this conflict, if it existed at all, adversely affected his representation. The prosecution had adamantly refused to recommend a sentence of less than ten years throughout the course of negotiations. Attempts by Mims' counsel to obtain a more favorable sentencing recommendation were consistently rebuffed.

In sum, Mims has not shown "on the record that a conflict existed" or, even assuming a conflict did exist, that it adversely affected his representation. *Willis v. United States*, 614 F.2d 1200, 1203 (9th Cir.1979). Because this court will not "create a conflict of interest out of mere conjecture as to what might have been shown," we affirm the finding of the district court. *Id.* (quoting *Lugo v. United States*, 350 F.2d 858, 859 (9th Cir.1965)).

### CONCLUSION

The district court's finding that Mims' plea was not induced by an unfulfilled agreement was not clearly erroneous. Nor did the district court err in concluding that he failed to show constitutionally inadequate representation in the course of his plea negotiations. Consequently, the district court's use of the 1980 conviction as a predicate for the enhancement of his sentence under the Sentencing Guidelines' career offender provision was not improper.

AFFIRMED.