967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis SEE, Defendant-Appellant.
 No. 90-10626.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided June 1, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dennis See appeals from the district court's denial of his motion for a new trial following his conviction for conspiring to possess with the intent to distribute cocaine (21 U.S.C. § 846) and possessing a handgun during the course of the conspiracy (18 U.S.C. §§ 2, 924(c)). See argues that he should have been granted a new trial because (1) he was denied effective assistance of counsel as the result of his trial lawyer's failure to call See's wife as a defense witness, (2) unfairly prejudicial evidence of See's other bad acts was introduced at trial, and (3) the district judge improperly interrogated See on cross-examination.[1] We reject these contentions and affirm.
 
 I. Standard of Review
 
 3
 Before proceeding to the merits of this appeal, we must first dispose of the parties' dispute concerning the scope of our appellate review. We examine the district court's denial of See's new trial motion for an abuse of discretion. See United States v. George, No. 90-10425, slip op. 2819, 2826 (9th Cir. Mar. 24, 1992). We review de novo the lower court's determination that See's trial counsel was not ineffective. See Paradis v. Arave, 954 F.2d 1483, 1490 (9th Cir.1992). However, we examine for clear error the district court's findings in support of that determination. See United States v. Mims, 928 F.2d 310, 312 (9th Cir.1991).
 
 II. Ineffective Assistance of Counsel
 
 4
 "As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal. Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted). However, "we are not prevented from considering such contentions on direct appeal where the record is sufficiently complete to allow us to decide the issue." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (citation and internal quotation omitted). Both parties concede that this record is sufficiently developed to warrant such an inquiry on this particular issue.
 
 
 5
 See's trial counsel provided a vigorous defense, as witnessed by, inter alia, his success in obtaining an acquittal on one of the three counts of the superseding indictment. Moreover, it appears that defense counsel's decision not to call Mrs. See to testify falls under the heading of trial strategy, a decision which, in the absence of some showing to the contrary, we decline to second-guess on appeal. Accordingly, trial counsel's decision not to call Mrs. See as a witness neither falls below the requisite standard of professional reasonableness, nor was so prejudicial to See's defense that a reasonable probability exists that, but for that error, the factfinder would have had a reasonable doubt respecting his guilt.[2] See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 III. Other Bad Acts
 
 6
 See argues that he was deprived of a fair trial when evidence relating both to a planned murder in connection with the drug conspiracy and his membership in a drug organization that had slaughtered fifty-three Colombian villagers unduly prejudiced the jury. Because See made no objection to the introduction of this evidence at trial, we review for plain error. See Fed.R.Crim.P. 52(b).
 
 
 7
 Although See strives mightily to distinguish the cases cited and discussed at pages 3-4 of his supplemental brief, we reject his contention that the above evidence was not "inextricably intertwined" with the underlying offense. See, e.g., United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991). The evidence, much of it consisting of See's own taped conversations, is clearly of the type envisioned by Fed.R.Evid. 404(b), and was not so prejudicial as to outweigh its obvious probative value. Accordingly, we find no abuse of the district court's discretion in admitting the evidence. See United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991).
 
 IV. Court Questioning
 
 8
 See's final argument is that he was deprived of a fair trial when the district court cross-examined him in a way that disparaged his credibility in front of the jury. Because See failed to object at trial, we review for plain error. See Fed.R.Crim.P. 52(b).
 
 
 9
 Part of a federal judge's broad discretion in supervising trials includes "the undeniable right to examine witnesses and call the jury's attention to important evidence." Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 709 (9th Cir.1989). "A trial court will be reversed for excessive judicial intervention only if the record disclose[s] actual bias on the part of the trial judge [or] leave[s] the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir.1986) (citation and internal quotation omitted).
 
 
 10
 We have carefully reviewed the trial judge's questioning of See concerning the latter's purported reasons for travelling to Sacramento with his codefendant and the government's witness, and we cannot agree with See's contention that the judge's questions constituted "judicial misconduct" warranting reversal. They manifested neither advocacy nor partiality, and were well within the court's discretion to ask. Finding neither any abuse of the court's discretion on this issue, nor any merit to See's other arguments, the denial of the new trial motion is
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See's opening brief did not mention issues (2) and (3), but asserted only the claim of ineffective assistance of trial counsel. Newly appointed counsel sought leave of this court to file a supplemental brief. In that supplemental brief, See asserts the three issues set forth above, while in a separate motion he has asked permission to withdraw that portion of his opening brief setting out three other arguments in support of his ineffective assistance claim. Because we agree with See's contention that this record is insufficiently developed to review those additional arguments on direct appeal, we have, by separate order entered this date, granted See's motion to withdraw those other portions of his opening brief relating to his ineffective assistance claim (save the one here presented) and directed the Clerk to accept for filing the supplemental brief, which adds the second and third issues cited above
 
 
 [2]
 Our holding on this issue should not be interpreted as an expression of any predisposition on our part towards those ineffective assistance claims originally filed and subsequently withdrawn by See, should he elect to pursue them in any future habeas review