9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. RUSHTON, Defendant-Appellant.
 No. 92-15544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Ronald L. Rushton appeals pro se the district court's denial of his motion to vacate, set aside or amend his sentence, pursuant to 28 U.S.C. § 2255, following his guilty plea to six counts of a 73-count indictment for various charges relating to a scheme involving fraudulent applications for credit cards. Rushton claims that the district court erred in not sentencing him under the Sentencing Guidelines, his counsel was ineffective in advising him concerning his sentence, and his guilty plea was not voluntary and informed pursuant to Fed.R.Crim.P. 11. This court has jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of a 28 U.S.C. § 2255 motion, United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990), and we affirm.
 
 SENTENCING GUIDELINES
 
 3
 The district court's application of the Sentencing Guidelines is reviewed de novo, and the factual determinations made in applying the Guidelines are reviewed for clear error. United States v. Hutchinson, Nos. 91-10225, 91-10598, slip op. 4283, 4297 (9th Cir. May 4, 1993). "The Sentencing Guidelines apply to continuing offenses initiated before November 1, 1987, but not completed until after November 1, 1987." United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). An offense will be considered "continuous" where "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie v. United States, 397 U.S. 112, 115 (1970). A court will analyze "the nature of the substantive offense, not ... the specific characteristics of the conduct in the case at issue." United States v. Niven, 952 F.2d 289, 293 (9th Cir.1991) (mail and wire fraud criminalize each specific use of the mail or wire and are complete when the fraudulent matter is placed in the mail or wired, therefore the offenses are not continuing); see Hutchinson, slip op. at 4297-98 (whether a bank fraud scheme actually straddled the effective date of the Guidelines is a question of fact for the district court to resolve).
 
 
 4
 Rushton claims that he should have been sentenced pursuant to the Sentencing Guidelines because the fraud offenses to which he pled guilty were continuing offenses that terminated after November 1, 1987. Although some of the instances of fraud alleged in the 73-count indictment occurred after November 1, 1987, all of the six counts to which Rushton pled guilty occurred before November 1, 1987. If the fraud scheme were deemed a continuing offense, then the Sentencing Guidelines would apply. Gray, 876 F.2d at 1418. Here, the district court found that Rushton pled guilty to counts of bank fraud which occurred before November 1, 1987, and concluded that the bank fraud pursuant to 18 U.S.C. § 1344 was not a continuing offense that encompassed the entire time period of the scheme alleged in the indictment. The indictment contains over seventy separate counts each comprising a distinct instance of bank fraud. The district court's finding that the counts were not part of a continuous scheme is not clearly erroneous, and the court did not err in sentencing Rushton under pre-Guidelines law. See Hutchinson, at 4297.
 
 VOLUNTARY AND KNOWING PLEA
 
 5
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The accused must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id. at 242-43. This court will "attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas." United States v. Mims, 928 F.2d 310, 312-13 (9th Cir.1991). Ineffective assistance of counsel may be used to attack the validity of a guilty plea, if the defendant can show that counsel's conduct fell below an objective standard of attorney competence and that in the absence of counsel's unprofessional errors he would not have pled guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Prior to December 1, 1989, a district court was not required under Fed.R.Crim.P. 11(c)(1) to inform a defendant entering a plea of the Sentencing Guidelines' applicability. United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991). Fed.R.Crim.P. 11 requires that the sentencing court mention only the statutory minimum or maximum sentence, not the minimum or maximum Guideline Sentence. Id. (it would be impossible for a court to inform a defendant of the minimum or maximum sentence available under the Guidelines, because the presentence report which is essential in formulation is not prepared prior to the entrance of a guilty plea).
 
 
 6
 Rushton claims that his guilty plea was not knowing and voluntary because his attorney did not advise him of the effects of a possible sentence under the Guidelines, and that the district court violated Fed.R.Crim.P. 11 by failing to adequately advise Rushton on the consequences of entering a guilty plea pursuant to pre-Guidelines law. Rushton and his attorney discussed the potential impact of the Sentencing Guidelines, and the district court judge clearly asked Rushton if he wanted more time to reflect on the effect of the Guidelines. Rushton informed the court that he wanted to be sentenced under the pre-guidelines law, thereby evidencing the voluntariness of his plea. See Mims, 928 F.2d at 312-13. As we have found, the Guidelines did not apply to the counts to which Rushton pled, therefore, his attorney was not incompetent in failing to advise Rushton of the specific sentence he would receive for those offenses under Guidelines precepts. Furthermore, Rushton does not contend that had his attorney so advised him that he would not have pled guilty and would have proceeded to trial. We hold, therefore, that Rushton did not receive ineffective assistance of counsel. See Hill, 474 U.S. at 58-59. Finally, the district court informed Rushton of the statutory maximum sentence under pre-guidelines law and there was no statutory minimum sentence; therefore the court complied with Fed.R.Crim.P. 11. See Maree, 934 F.2d at 200. The district court did not err in holding that Rushton's guilty plea was knowing and voluntary.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3