65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Manuel GOMEZ, Defendant-Appellant.
 No. 93-56647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided Aug. 16, 1995.
 
 Before: COY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Manuel Gomez appeals pro se the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. Gomez argues that his guilty plea was not voluntary and intelligent, and that he was denied the effective assistance of counsel in entering his guilty plea. He also raises several arguments on appeal relating to his claims of illegal arrest, prosecutorial misconduct, illegal search and seizure, perjury, evidence tampering, Miranda violations, and withholding of exculpatory evidence. We affirm.
 
 
 3
 With respect to Gomez's first argument, we conclude that Gomez's guilty plea was both knowing and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). By fully advising Gomez of the constitutional rights that he was forfeiting and of the sentence that he might receive, and by questioning Gomez about whether he understood his rights and the terms of the plea agreement, the district court ensured that Gomez received "real notice of the true nature of the charge." United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990) (quoting Marshall v. Lonberger, 459 U.S. 422, 436 (1983)). Gomez's statements on the record carry substantial weight in the assessment of the voluntariness of his plea. United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 
 
 4
 As for Gomez's second argument, Gomez has failed to demonstrate either that his counsel's advice was outside the range of competence demanded of attorneys in criminal cases or that he was prejudiced by his counsel's errors. Hill v. Lockhart, 474 U.S. 52, 56 (1985). Gomez's counsel succeeded in substantially reducing the sentence that Gomez would likely have received had he gone to trial. Finally, Gomez cannot pursue the remaining issues in his Sec. 2255 motion, because his waiver of the right to appeal in his plea agreement limits his right to collaterally attack his conviction on grounds other than voluntariness of plea and ineffective assistance of counsel. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 113 S.Ct. 2980 (1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3