95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. HUNTER, Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 95-17143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Hunter, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea conviction to first and second degree murder and robbery. Hunter contends that his guilty plea was not voluntary and intelligent, and that he was denied effective assistance of counsel. He also contends that there was an insufficient factual basis to support his guilty plea to the murder of an unborn fetus. We have jurisdiction under 28 U.S.C. § 2253, 1291. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 With respect to Hunter's first argument, we conclude that Hunter's guilty plea was both knowing and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). By fully advising Hunter of the constitutional rights that he was forfeiting and by questioning Hunter about whether he understood his rights and the terms of the plea agreement, the state court ensured that Hunter received "real notice of the true nature of the charge[s]." Marshall v. Lonberger, 459 U.S. 422, 436 (1983)). Hunter's contemporaneous on-the-record statements carry substantial weight in the assessment of the voluntariness of his plea. See United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 
 
 4
 As for Hunter's second argument, Hunter has failed to demonstrate either that his counsel's advise was outside the range of competence demanded of attorneys in criminal cases or that he was prejudiced by his counsel's alleged errors. See Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 5
 Finally, Hunter pleaded to facts amounting to felony-murder, facts sufficient to warrant a first degree murder charge in California. See People v. Kainzrants, 53 Cal.Rptr.2d 207, 211-12 (1996). Therefore, there was a sufficient factual basis to support the murder plea in this case.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of habeas relief and the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal