106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Daniel BROWN, Defendant-Appellant.
 No. 96-30004.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 07, 1996.
 
 Before: WRIGHT, O'SCANNLAIN, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Daniel Brown appeals the district court's denial of his motion to withdraw his plea of guilty to charges of possession with intent to distribute methamphetamine and criminal drug forfeiture on the ground that his plea was not entered voluntarily and knowingly. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Appellant argues that his guilty plea was not entered voluntarily because he was medicated at the time of the plea hearing. Appellant did not present any evidence that the medications he took actually affected his ability to comprehend the proceedings. The district court did not err in finding that Appellant's ability to understand the proceedings was not affected by the medication.
 
 
 4
 Next, Appellant argues that the district court erred in ruling that his limited literacy did not affect the voluntariness of his plea. Appellant's counsel read every relevant document to him prior to the entry of the plea. Further, Appellant told the court at the time of the plea hearing that he discussed the case with his attorneys and understood the charges and the plea agreement. Under these circumstances, the district court did not err in finding that Appellant's limited literacy did not affect the voluntary and knowing nature of his plea.
 
 
 5
 Appellant alleges that his plea was not entered voluntarily because he misunderstood the extent of the fingerprint evidence against him. Appellant states that he entered his guilty plea based upon the belief that the Government recovered his fingerprints from a brief case containing the majority of the methamphetamine he was charged with distributing. In fact, the government did not have fingerprint evidence against him. Any fingerprint evidence against Appellant would have been cumulative in light of all of the evidence against him. The district court did not err in finding that Appellant's alleged misunderstanding about the fingerprint evidence did not vitiate the knowing and voluntary nature of his plea, nor provide a fair and just reason for the withdrawal of his plea.
 
 
 6
 Appellant alleges that he was upset about the health of his wife and child and therefore unable to enter a voluntary plea of guilty. There is no evidence that Appellant was upset about the health of his wife and child at the time he entered his plea. In fact, Appellant's wife's medical condition was resolved on the day of his plea hearing and his wife was present in court. The district court did not err in finding that Appellant's allegedly upset state did not present a fair and just reason to withdraw his plea.
 
 
 7
 Next, Appellant alleges that he was pressured by counsel into entering a guilty plea. Substantial weight is attached to contemporaneous on-the-record statements in assessing the voluntariness of pleas. United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991). At the plea hearing, the district court inquired whether anyone threatened or forced Appellant to plead guilty to which he responded "No." The court then asked whether he was entering his plea freely and voluntarily to which he responded "Yes." Based upon this evidence, the district court did not err in finding that Appellant was not pressured into pleading guilty.
 
 
 8
 Finally, Appellant contends that he entered his guilty plea due to a mistaken belief that he would be sentenced to ten years or less. The plain language of the plea agreement states that his sentence might exceed ten years. Further, Appellant's testimony at the plea hearing indicates that he fully understood this fact. The district court does not abuse its discretion by prohibiting withdrawal of a plea of guilty where the defendant attempts to withdraw his plea only after he realizes the extent of his sentence. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995).
 
 
 9
 The district court did not err in finding that Appellant failed to present evidence of a fair and just reason to withdraw his guilty plea or that his guilty plea was not entered voluntarily.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3