108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Epitacio Florencio GARCIA, Defendant-Appellant.
 No. 96-15282.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Epitacio Florencio Garcia, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion following his guilty plea conviction for conspiracy to distribute more than 100 grams of methamphetamine in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), and we affirm.
 
 I. Validity of Guilty Plea
 
 3
 Garcia contends that his guilty plea was not knowing and voluntary because it was coerced by counsel. This contention lacks merit.
 
 
 4
 A guilty plea is valid if it is both intelligent and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Contemporaneous on-the-record statements by a defendant when pleading guilty carry substantial weight in the assessment of the voluntariness of a guilty plea. See United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 
 
 5
 Here, Garcia stated, in open court and under oath, that nobody was forcing him to plead guilty, he was not pleading guilty in place of someone who was responsible or "taking the rap" for someone else and no one had made him any promises in return for his guilty plea. Garcia also stated that he had had sufficient time to discuss the case with his attorney and that he was satisfied with her representation. Moreover, to the extent that Garcia is contending that he would not have pled guilty had he known that he could have put forth an entrapment defense, Garcia could not have shown that he lacked the predisposition to commit the crime. See United States v. McClelland, 72 F.3d 717, 722-23 (9th Cir.1995) ("A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." (quotations omitted)), cert. denied, 116 S.Ct. 1448 (1996). Garcia's own testimony at the trial of his coconspirator established that (1) he had been buying and selling methamphetamine prior to the instant offense and (2) only two weeks prior to the instant offense, he had been entrusted with a quarter-pound of methamphetamine, which he had to return because he could not find a buyer.[1] Given these circumstances, Garcia's guilty plea was valid. See Boykin, 395 U.S. at 242; Mims, 928 F.2d at 313.
 
 II. Sentencing Entrapment
 
 6
 Garcia contends that he should have received a downward departure for sentencing entrapment. We disagree.
 
 
 7
 Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment. United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994). Garcia admitted that only two weeks before the instant offense, he had been given a quarter-pound of methamphetamine to sell. In addition, Garcia was able to procure one-half pound methamphetamine the same on the same day he was asked. Given these circumstances, Garcia could not show that he lacked the necessary predisposition, and thus was not eligible for a downward departure. See id.
 
 III. Ineffective Assistance of Counsel
 
 8
 Garcia claims trial counsel was ineffective for failing to adequately advise him of the possible defense of entrapment and for failing to move for a downward departure based on sentencing entrapment. These contentions lack merit.
 
 
 9
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill, 474 U.S. at 57. Given our disposition of Garcia's entrapment and sentencing entrapment claims, Garcia cannot show prejudice. See id.
 
 
 10
 Finally, because Garcia' underlying claims lack merit, the district court did not abuse its discretion by failing to permit discovery. See Rule 6, Rules Governing Section 2255 Cases, 28 U.S.C. foll. § 2255; see also Shah v. United States, 878 F.2d 1156, 1162-63 (9th Cir.1989). Accordingly, the district court's denial of Garcia's section 2255 motion is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Garcia's characterization of the government's use of a confidential informant as outrageous governmental conduct. Garcia has not shown that the government engineered and directed the criminal enterprise from start to finish or that the government's conduct was otherwise "repugnant to the American system of justice." See United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991) (citation omitted); see also Sanchez v. United States, 50 F.3d 1448, 1452 (9th Cir.1995)