141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Michael F. HOGAN, a/k/a Michael Fitzgerald Hogan, Defendant-Appellant.
 No. 97-10136.
D.C. No. CR-96-00079-HG.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael F. Hogan appeals his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hogan first contends that his guilty plea was not entered voluntarily because he expressed his feelings of resignation to pleading guilty at the change of plea hearing. We disagree.
 
 
 4
 The question of whether a plea was entered voluntarily is reviewed de novo. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). The court shall not accept a plea of guilty without first addressing the defendant and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. See Fed.R.Crim.P. 11(d) (1994); United States v. Kamer, 781 F.2d 1380, 1385 (9th Cir.1986). Rule 11 is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. See Kamer, 781 F.2d at 1385.
 
 
 5
 The transcript of the change of plea hearing reveals that when Hogan stated that he was "resigned" to what he was doing, the district court inquired as to whether Hogan had had sufficient time to consult with his attorney and offered to continue the hearing which Hogan declined. In addition, in response to the district court's questions, Hogan stated that he was satisfied with his attorney's representation, denied that he was being forced or threatened into pleading guilty and stated numerous times that he was certain he wanted to plead guilty. See id.; see also United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991) (noting that substantial weight is attached to contemporaneous on-the-record statements when assessing the voluntariness of pleas). Accordingly, Hogan's plea was voluntary. See Zweber, 913 F.2d at 711.
 
 
 6
 Hogan also contends that he received ineffective assistance of counsel with regard to representation leading to his guilty plea. In light of the limited record on appeal in this case, a claim of ineffectiveness of counsel is more appropriately addressed in collateral proceedings pursuant to 28 U.S.C. § 2255. See United States v. Hoslett, 998 F.2d 648, 660 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3