UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Trinidad PEREZ–AGUILAR, aka
Trini, Defendant–Appellant.

No. 00–50163.

D.C. No. CR–97–01351–01–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2001.

Decided June 21, 2001.

Before D.W. NELSON, FERNANDEZ,
and RYMER, Circuit Judges.

ORDER VACATING SUBMISSION

We vacate submission of Perez–Aguilar's
claims under *Apprendi v. New Jersey*, 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000).

MEMORANDUM *

Jose Trinidad Perez–Aguilar appeals his
conviction and sentence for one count of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conspiracy to distribute methamphetamine. *See* 21 U.S.C. §§ 841, 846.

 Perez claims that his right to conflict-free representation was violated, even though he did not mention the matter until the trial was over. *See United States v. Mett,* 65 F.3d 1531, 1534–35 (9th Cir. 1995). We disagree. He first points out that the district court did not engage in the inquiry required by Fed.R.Crim.P. 44(c). That is true, but the rule is essentially hortatory or prophylactic because a failure to follow it will not result in reversal, unless a defendant can show that his Sixth Amendment rights were violated. *See United States v. Crespo de Llano,* 838 F.2d 1006, 1013 (9th Cir.1987). Moreover, the Sixth Amendment itself does not require reversal simply because there is a potential conflict of interest. Absent a particular conflict, an inquiry need not even be initiated. *See Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980); *Crespo de Llano,* 838 F.2d at 1012. Joint representation alone is certainly not enough. *Lockhart v. Terhune,* 250 F.3d 1223, 1229 (9th Cir.2001); *United States v. Mims,* 928 F.2d 310, 313 (9th Cir.1991).

On this record, Perez has failed to show that there was a conflict that actually affected his representation. *See Mett,* 65 F.3d at 1535–36; *United States v. Finlay,* 55 F.3d 1410, 1415 (9th Cir.1995); *United States v. Sutton,* 794 F.2d 1415, 1421 (9th Cir.1986). In fact, the record shows that Perez's counsel was highly effective in representing his interests. No evidence to the contrary appears in what is before us.

1. We vacate submission of Perez–Aguilar's claims under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in an order filed concurrently with this disposition.

AFFIRMED on the issue of conflict of interest.[1]