UNITED STATES of America, Plaintiff—Appellee,

v.

Jose Valdovinos RAMIREZ, Defendant—Appellant.

No. 00–50726.

D.C. No. CR–98–03262–1–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Feb. 6, 2002.

---

Before HALL, KOZINSKI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [*]

### BACKGROUND

Defendant-appellant Jose Valdovinos–Ramirez ("Valdovinos") appeals his conviction by guilty plea and sentence for one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Because the facts are well known to the parties, they are recounted here only to the extent necessary to explain our ruling.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## DISCUSSION

### I. Voluntariness of Plea

Valdovinos contends that his guilty plea was involuntary and must therefore be vacated. Specifically, Valdovinos argues that he pled guilty only because he had no choice other than to plead "at the district court's insistence" or proceed to trial with an attorney with whom he had no communication.

To determine voluntariness, the court must examine the totality of the circumstances surrounding the plea. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir.2001). "[A] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g.bribes)." *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (citations and internal quotations omitted).

■ The record does not contain evidence that Valdovinos was coerced into entering a guilty plea. Valdovinos testified at the change of plea hearing that he was not threatened, or forced to plead guilty. We give substantial weight to Valdovinos' in-court statements. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir.1991). The district court did not force Valdovinos to plead guilty, but rather, informed him that he had the right to proceed to trial if he did not wish to enter a plea. Valdovinos stated that he was not ready to go to trial because he did not know what the evidence would be. However, both his attorney and the district court informed him that the evidence in the federal case would be the same evidence presented in the state case.

### II. Motion to Withdraw Guilty Plea

Valdovinos claims that the district judge erred in denying his motion to withdraw his plea for two reasons—(1) that he was not told at the time he entered his guilty plea that the government would have to prove to a jury beyond a reasonable doubt the amount of methamphetamine as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (2) that he had a conflict of interest with his attorney at the time he entered the plea. Where, as here, a motion to withdraw a plea of guilty is made before a sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any "fair and just" reason. Fed.R.Crim.P. 32(e); *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

### A. Apprendi Claim

■ The district court did not abuse its discretion in finding that the *Apprendi* issue did not constitute a fair or just reason for Valdovinos to withdraw his plea. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The record does not support Valdovinos' contention that the *Apprendi* issue was relevant to his decision to enter a plea. When entering his plea, Valdovinos stated that he understood that he was likely to be sentenced to between 10 and 25 years imprisonment, and that he could be imprisoned for life. Moreover, Valdovinos' *Apprendi* claim is based on the premise that he possibly would have received a lesser sentence if the drug quantity had to be proven to a jury beyond a reasonable doubt. Fear of receiving a harsh sentence is not a fair and just reason to withdraw a plea. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).

## B. Conflict of Interest

This court considers three factors when reviewing the denial of a motion to substitute counsel: timeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense. *United States v. Walker,* 915 F.2d 480, 482 (9th Cir.1990), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir. 2000).

### 1. Timeliness

■ Valdovinos made his request for substitution of counsel at the last possible moment, on the morning of trial. It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance. *United States v. McClendon,* 782 F.2d 785, 789 (9th Cir. 1986). The district court, in denying Valdovinos' request for appointment of new counsel, made clear that the timing of Valdovinos' request was an important factor in its decision, specifically noting that his trial date had arrived and the court was skeptical that Valdovinos could find a substitute attorney immediately.

### 2. Adequacy of the Court's Inquiry and Extent of the Conflict

The district court adequately discussed with Valdovinos his complaints regarding his attorney, Mr. Hilts. Mr. Hilts and Valdovinos more or less agreed that the nature of the conflict was that Valdovinos did not understand how he could be prosecuted in both state court and federal court for the same conduct, and that he did not feel that he had seen the evidence that the government would use against him. The district court denied Valdovinos' substitution request only after satisfying itself that Valdovinos understood that he could be tried in federal court and that he understood what the evidence against him would be.

## III. Minor Role Adjustment

Valdovinos next contends that he was a minor participant in the overall criminal scheme and that the district court should have granted him a mitigating role adjustment under § 3B1.2 of the Sentencing Guidelines.

A defendant is entitled to a two-point downward adjustment as a "minor" participant if he is deemed "less culpable than most other participants but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, comment (n.3). The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on his role in the offense. *United States v. Ladum,* 141 F.3d 1328, 1348 (9th Cir.1998). Less culpability than other participants does not necessarily entitle a defendant to a role adjustment. *Id.*

■ Valdovinos' argument that he was entitled to a downward adjustment for a minor role is without merit. He pleaded guilty to one count of possession of methamphetamine with the intent to distribute. Valdovinos was not held accountable for any methamphetamine other than that found in his possession at the time of the arrest. Valdovinos presented no evidence that anyone other than himself was involved in possessing the methamphetamine for which he was held accountable. Thus, the district court had no basis for granting a downward departure for a minor role. *See United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1267 (9th Cir.1998).

## IV. Criminal History

Valdovinos next argues that the district court erred in calculating his criminal history points. Valdovinos argues that since

two sentences imposed in state court were imposed after his arrest in this case, they should not have been counted in calculating his criminal history category.

Valdovinos' argument is without merit. The applicable sentencing guideline provides that:

(1) Any *prior sentence* of imprisonment exceeding one year and one month that was imposed *within fifteen years* of the defendant's *commencement of the instant offense is counted.* Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other *prior sentence* that was imposed *within ten years* of the defendant's *commencement of the instant offense* is counted.

U.S.S.G. § 4A1.2(e) (underlining added).

■ The application notes to this guideline foreclose Valdovinos' argument. Application Note 1 to § 4A1.2 defines "prior sentence" as "a sentence imposed *prior to sentencing* on the instant offense, other than a sentence for conduct that is part of the instant offense." (emphasis added). Moreover, "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." *Id.*

## V. Acceptance of Responsibility

Valdovinos also contends that the district court erred in not granting a two-level reduction for acceptance of responsibility.

United States Sentencing Guideline § 3E1.1(a) states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [the court should] decrease the offense level by 2 levels." The application notes to this section pro-

vide that "[i]n determining whether a defendant qualifies under subsection (a) [for a two level reduction], appropriate considerations include, but are not limited to, the following: (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable. . . ."

■ At the change of plea hearing, Valdovinos sought to minimize his role as a distributor. For instance, he stated that "all I have is possession. That's all." He claimed that he "didn't give [the methamphetamine] to anyone." Upon further interrogation, Valdovinos admitted only that he gave methamphetamine to someone else who was "the one who did everything." These statements were contradicted by the testimony of the detective who took Valdovinos' post-arrest statements. The detective testified that Valdovinos admitted involvement with distribution of the methamphetamine. The district court also heard expert opinions related to the evidence seized in Valdovinos' residence that contradicted Valdovinos' claims of minimal involvement. Because the record supports the inference that Valdovinos falsely minimized his role and denied relevant conduct, the district court properly denied the two level adjustment. *See United States v. Scrivener*, 189 F.3d 944, 948 (9th Cir. 1999) (citing *United States v. Ramos*, 923 F.2d 1346, 1360 (9th Cir.1991)).

## CONCLUSION

For the foregoing reasons, Valdovinos' conviction and sentence are AFFIRMED.