**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILES MANLEY, | No.   21-16401 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-00354-HDM-WGC |
| v. | |
| WARDEN, DIRECTOR OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted April 19, 2023
San Francisco, California

Before:  VANDYKE and SANCHEZ, Circuit Judges, and LASNIK,[**] District
Judge.

Petitioner Giles Manley appeals the denial of his 28 U.S.C. § 2254 habeas

corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we

affirm. This Court reviews the denial of a habeas petition de novo. *Runningeagle v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

*Ryan*, 686 F.3d 758, 766 (9th Cir. 2012). To do so, we look "to the last reasoned [state court] decision that finally resolve[d] the claim at issue." *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (quotation marks and citations omitted). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Where, as here, § 2254(d) applies to a petitioner's claims, federal habeas relief may not be granted unless it is shown that the earlier state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). In other words, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

First, Manley argues that his trial counsel's advice in connection with his decision to enter a guilty plea constituted ineffective assistance of counsel. An ineffective assistance claim requires proving that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Manley argues that the Nevada state court's conclusion that his trial counsel was not ineffective meets all three potential pathways to habeas relief under § 2254(d). We disagree. The state court's determination that Manley's trial counsel made no guarantees to Manley that he could withdraw his guilty plea if the law regarding the execution of juvenile offenders ever changed was not an unreasonable determination of fact in light of the testimony given during the state habeas evidentiary hearing. *See Wood v. Allen*, 558 U.S. 290, 301 (2010).

Nor was the state court's decision contrary to clearly established law. While the Nevada Supreme Court decision did not apply the *Strickland* test, this was not erroneous because the only issue presented was the trial court's credibility determination. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) ("Avoiding [a 'contrary to' error] does not require citation . . . [or] *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.") (emphasis in original). Furthermore, the Nevada trial court's decision – which addressed Manley's ineffective assistance of counsel claims – cited *Strickland* and laid out the relevant two-part test. *See Wilson v. Sellers*, 584 U.S. __, 138 S. Ct. 1188, 1193–96 (2018) (explaining that "federal habeas law employs a 'look through' presumption").

Finally, the state court's decision was not an unreasonable application of

clearly established federal law. The Supreme Court has cautioned that "[f]ederal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Here, while perhaps counsel could have better communicated to Manley that the chances of withdrawing his plea were extremely remote, the Court finds that given the uncertain state of the law surrounding juvenile death sentences at the time Manley entered into his plea there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard. *See McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.").

Second, Manley also argues that the Nevada Supreme Court unreasonably applied clearly established federal law when it upheld his guilty plea. A guilty plea must be "intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Voluntariness of a plea is determined "only by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). As part of this totality-of-the-circumstances analysis, courts frequently consider defendant's written plea agreements and statements made during the plea hearing.

*See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991) ("We attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas.") (citation omitted); *see, e.g., United States v. Kaczynski*, 239 F.3d 1108, 1114–15 (9th Cir. 2001). Here, the Nevada Supreme Court focused its analysis on the written plea agreement and the plea canvass, including the trial court's questioning of both Manley's defense counsel and Manley himself. Given the broadness of the rule governing the validity of plea agreements, the Nevada Supreme Court's opinion was not an unreasonable application of clearly established federal law. *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.") (citation omitted).

**AFFIRMED.**