113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nelson Mayor MARTINEZ, Defendant-Appellant.
 No. 96-56090.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nelson Mayor Martinez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his 108-month sentence imposed following a guilty plea to distributing 37.1 grams of cocaine base in violation of 21 U.S.C. § 841(a). Martinez contends that the district court erred by denying his motion because he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255.[1] We review de novo a district court's decision on a section 2255 motion, see United States v. McMullen, 98 F.3d 1155, 1156-57 (9th Cir.1996), and we affirm.
 
 
 3
 Martinez contends that counsel was ineffective because he did not adequately explain the consequences of pleading guilty, given that Martinez is a native of Cuba and speaks Spanish.[2] We disagree.
 
 
 4
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697. A defendant who pleaded guilty must show a reasonable probability that, but for counsel's unprofessional errors, he would "not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. See Boykin v. Alabama, 395 U.S. 238, 242 (1969); United States v. Butcher, 926 F.2d 811, 817 (9th Cir.1991). The accused must be aware of the elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. See Boykin, 395 U.S. at 242-43. In assessing the voluntariness of a guilty plea, contemporaneous on-the-record statements made by a defendant carry substantial weight. See United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 
 
 6
 The record belies Martinez's claims that counsel was ineffective. A Spanish interpreter was present during the change of plea colloquy where Martinez was informed of the charges against him, the maximum possible penalty, and the constitutional rights that he waived by pleading guilty. See Boykin, 395 U.S. at 242-43. Martinez also stated, contemporaneously, that he understood the consequences of pleading guilty, had discussed the plea with his attorney, was satisfied with his attorneys representation, and that no promises were made and no force was used to elicit his plea. See Mims, 928 F.2d at 313. Finally, at sentencing, Martinez agreed to waive "any right to appeal or otherwise challenge this sentence," in exchange for the government recommending a nine year sentence.
 
 
 7
 Because Martinez was adequately informed of the consequences of his plea, his guilty plea was voluntary. See Boykin, 395 U.S. at 242-43. Moreover, Martinez cannot show that he was prejudiced by counsel's actions and would have proceeded to trial. See Strickland, 466 U.S. at 688; Hill, 474 U.S. at 59. Accordingly, the district court did not err by finding that counsel rendered effective assistance. See McMullen, 98 F.3d at 1156-57.
 
 
 8
 Martinez contends that counsel was ineffective because he failed to file a notice of appeal and object to inaccurate information in the presentence report. We decline to address these contentions, since they were not raised in the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Martinez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Martinez is proceeding pro se and deposited his section 2255 motion in the prison mail system prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), no certificate of appealability is required. See Houston v. Lack, 487 U.S. 266, 275-76 (1988); Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996) (the AEDPA does not apply to cases filed in a federal court of this circuit prior to April 24, 1996)
 
 
 [2]
 Although Martinez claimed in the district court that counsel failed to explain the consequences of the plea, he based his contention on different factors. Nevertheless, we will address this issue on appeal, since we construe pro se briefs liberally. United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993)