**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frederick L. TOOTHMAN,
Defendant–Appellant.**

**No. 97–50048.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1998.

Decided March 9, 1998.

Charles M. Sevilla, Cleary & Sevilla, San Diego, CA, for Defendant–Appellant.

Edward C. Weiner, Assistant United States Attorney, San Diego, CA, for Plaintiff–Appellee.

Before: LAY,\* GOODWIN and SCHROEDER, Circuit Judges.

LAY, Circuit Judge:

As a result of a plea bargain with the United States, Frederick L. Toothman pleaded guilty to a misdemeanor civil rights violation and to seven felony bribery violations. Toothman appeals, challenging the district court's application of the federal sentencing guidelines. Alternatively, he appeals the denial of his motion to withdraw his guilty plea to the misdemeanor civil rights violation. We reverse. We vacate the conviction and sentence. We instruct the district court to grant Toothman's motion to withdraw his guilty plea to the misdemeanor civil rights violation.

### I. Factual and Procedural Background

Toothman worked for the Immigration and Naturalization Service at the San Ysidro Point of Entry (SYPOE) on the California/Mexico border. Between November 1991 and August 1994, Toothman made sexual overtures to eight women seeking entrance to the United States through the SYPOE. Toothman sought sexual favors from these women in exchange for helping them regain their immigration documents.

In 1995, a federal grand jury indicted Toothman on eleven counts. Count One charged unlawful sexual conduct in violation of 18 U.S.C. § 2244(a)(2). Counts Two and Three were based upon alleged sexual intercourse between Toothman and one woman. Those counts charged unlawful sexual abuse, in violation of 18 U.S.C. § 2242(1) [1] and felony deprivation of rights under color of law, in violation of 18 U.S.C. § 242.[2] Counts Four

---

\* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

**1.** Section 2242(1) states in relevant part:

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly ... causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping) ... or at-

tempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both. 18 U.S.C. § 2242(1).

**2.** Section 242 provides in relevant part:
Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, ... or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by

through Eleven charged the seeking of favors by a public official (bribery), in violation of 18 U.S.C. § 201(b)(2)(C).[3] Toothman's counsel alleges that during pre-trial negotiations, government counsel told him the government would seek dismissal of Count Two because it would not be fair to seek a penalty against Toothman for alleged sexual assault. On January 8, 1996, the day before Toothman's trial was scheduled to begin, the government moved to dismiss Counts One and Two. The district court granted the motion.

On the first day of his trial, Toothman moved to suppress statements he made to government officials during the investigation of the charges against him, arguing the government obtained the statements in violation of *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After the court began hearings on the motion, Toothman and the government engaged in off-the-record plea negotiations. Toothman and the government did not enter into a written agreement following these negotiations.

Ultimately, Toothman and the government entered into an oral plea bargain pursuant to Federal Rule of Criminal Procedure 11(e)(1)(A).[4] As a result of the agreement, Toothman filed a waiver of indictment, a waiver of appeal under *Garrity*, and he withdrew all of his pending motions. In accordance with the agreement, the government filed an eight-count Superseding Information. Count One charged *misdemeanor* deprivation of rights under color of law, in violation of 18 U.S.C. § 242. The government changed Count One from a felony to a misdemeanor by deleting all references to a sexual act and all references to bodily injury.[5] *See* 18 U.S.C. § 242. Counts Two through Eight charged the seeking of sexual favors by a public official, in violation of 18 U.S.C. § 201(b)(2)(C).

### A. The Plea Hearing

Later that day, the district court held a plea hearing.[6] The government described the agreement to the court as follows:

There will be a disposition in this case. Mr. Toothman will be pleading guilty to a Superseding Information in eight counts. The first count is the misdemeanor charge in violation of Title 18 United States Code section 242, civil rights violation. And counts 2 through 8 are substantive violations of the 201, 18 U.S.C. 201, public official seeking sexual favors.

*See* Appellant's R. at 21. There was no further description of the plea agreement made to the court.

---

reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section ... shall be fined under this title or imprisoned not more than ten years, or both[.]
...
18 U.S.C. § 242 (1994).

3. Section 201(b)(2)(C) states in relevant part:
Whoever ... being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for ... being induced to do or omit to do any act in violation of the official duty of such official or person ... shall be fined under this title ... or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States.
18 U.S.C. § 201(b)(2)(C).

4. Federal Rule of Criminal Procedure 11(e)(1)(A) permits government counsel and defense counsel to negotiate a plea whereby upon the entering of

a guilty plea, the government will move for dismissal of other charges. Fed.R.Crim.P. 11(e)(1)(A).

5. As amended, Count One stated Toothman:
did willfully deprive victim #3 ... of the rights and privileges which are secured and protected by the Constitution and laws of the United States, namely, the right not to be deprived of liberty without due process of law; in violation of Title 18, United States Code, Section 242.

6. During the plea hearing, the court queried Toothman on his mental capacity. The court then asked Toothman to allege the factual basis for his guilty pleas to all counts. The court advised Toothman of his constitutional right to a jury trial, right against self-incrimination, and right to compel and confront witnesses. The court obtained Toothman's consent to waive those rights and his counsel's concurrence to the waivers. Toothman does not challenge these waivers.

The court asked Toothman whether Count One was a felony or misdemeanor. Toothman and his attorney said the charged offense was a misdemeanor. The court then asked Toothman to indicate the maximum possible punishment he could receive for Count One. Toothman responded, "One year, $100,000 fine, and a 25 dollar assessment." *See* Appellant's R. at 33. Toothman then acknowledged that Counts Two through Eight were felonies, carrying a maximum term of fifteen years.

With respect to the sentence Toothman would receive as a result of his pleas, the following dialogue took place:

**Court:** And you understand that I as the trial judge, not the attorneys, will decide what the appropriate sentence in your case will be?

**Toothman:** Yes, your Honor.

**Court:** And you will be sentenced according to the Sentencing Guidelines. Have the sentencing guidelines that apply to your case been explained to you by [your attorney]?

**Toothman:** Yes, your Honor.

**Court:** Counsel, what are the guidelines that would apply?

**Toothman's Attorney:** Your Honor, with respect to Count 1, the guidelines that would apply are the guidelines for section 242. I believe that that would be an offense level of 6. With respect to Counts to 2 through 8, the guidelines that apply are, as I recall, 2(C)1.1 which apply to bribery. There is a base offense level of 10, plus 2 for more than one event or more than one commission of the offense. And then there may be—the government will be seeking possible additional enhancements. And we will be seeking a reduction for acceptance of responsibility. All of those matters have been reserved for the court's determination at the time of sentencing.

**Court:** What's the criminal history level?

**Toothman's Attorney:** Mr. Toothman, to my knowledge, has no previous convictions of anything, so his criminal history category is 1.

**Court:** Okay. So the resulting guideline range, assuming an offense level of 8—of 12, the criminal history category 1, would be 10 to 16 months.

**Government Attorney:** Your Honor, there's no agreement as to the appropriate application of the guidelines.

**Court:** I understand that, sir, but I have to advise him as to something.

**Government Attorney:** Well—

**Toothman's Attorney:** And we understand, of course, that the court's indication is before the various calculations and arguments have been done. And I've told Mr. Toothman that we've estimated these as best as we can, but we cannot with precision in advance of the sentencing date give a viable prediction or give anything with certainty. It's only our best feeling as to what the likely result is. The government has certain positions they wish to advance and we have certain positions. I've informed Mr. Toothman that the ultimate determination is that of your Honor.

**Court:** And I'll also inform Mr. Toothman that if you should incorrectly compute the guidelines, it would not be a basis for him to withdraw his pleas of guilty. Do you understand that, sir?

**Toothman:** Yes, your Honor.

**Government Attorney:** I just wanted to point out that although the 2(C)1.1 and the other guideline is appropriate, 2(H)1.4 is a guideline which allows the civil rights violation, although it's a misdemeanor, to include an addition which is applicable to an underlying offense. And that certainly will be a matter at sentencing. Mr. Toothman should be aware that we're not talking about the government agreeing to these. The guidelines range would be 10 to 16 months.

**Court:** You understand that, sir?

**Toothman:** Yes, your Honor.

**Court:** You understand that I may depart from those guidelines, decide to impose a sentence on you that is greater or lesser than the guidelines if I find that the guidelines do not take into consideration other relevant facts concerning you or the crimes to which you're pleading guilty?

**Toothman:** Yes, sir.

**Court:** You also understand that the court will not be able to determine the guideline sentence for your case until after a presentence report has been completed, you and the government have had an opportunity to challenge the facts as reported by the probation officer?

**Toothman:** Yes, your Honor.

*See* Appellant's R. at 34–37. The court then accepted Toothman's guilty pleas and informed Toothman he would be sentenced following the presentence investigation.

### B. The Presentence Report

After completing the presentence investigation, the government filed Toothman's presentence report (PSR). The PSR used the 1995 United States Sentencing Commission Guidelines Manual to calculate a recommended sentence. The PSR did not group Count One with Counts Two through Eight, concluding "Count One represents a different harm than that embodied in Counts Two through Eight." (PSR 33.); *see also* U.S. Sentencing Guidelines Manual § 3D1.2 (1995) [hereinafter U.S.S.G.] (directing sentencing court to group together all counts involving substantially the same harm).

The PSR applied § 2H1.1 to calculate the base offense level ("BOL") for Count One. Section 2H1.1(a) provides four BOL options, and it directs a court to apply the option that will result in the greatest BOL. *See* U.S.S.G. § 2H1.1(a). Option (1) assigns a BOL based on "the offense level from the offense guideline applicable to any underlying offense." U.S.S.G. § 2H1.1(a)(1). The PSR applied option (1) and concluded the offense underlying Toothman's misdemeanor § 242 violation is criminal sexual abuse in violation of § 2242(1) which provides for a BOL of twenty-seven. *See* 18 U.S.C. § 2242(1) (defining sexual abuse); U.S.S.G.

§ 2A3.1 (sentencing guideline for criminal sexual abuse). Ultimately, the PSR calculated an adjusted offense level ("AOL") of thirty-seven for Count One.[7]

For Counts Two through Eight, the PSR grouped the counts, used § 2C1.1 to calculate a BOL of ten, and increased the BOL by two levels because Toothman's conduct involved more than one bribe. The PSR added an eight-level increase pursuant to § 2C1.1(b)(2)(B) which mandates such an increase if the offense involved a payment for the purpose of influencing an elected official, or any official holding a high-level decision-making or sensitive position. Ultimately, the PSR calculated an AOL of twenty-five for Counts Two through Eight.[8]

The PSR then calculated the combined offense level ("COL"), applying § 3D1.4. Based on the misdemeanor Count One AOL of thirty-seven, the PSR calculated a COL of thirty-seven. The PSR decreased two levels for Toothman's acceptance of responsibility and arrived at a total offense level of thirty-five. Given Toothman's criminal history category of one, the guideline range for an offense level of thirty-five is 168 to 210 months. *See* U.S.S.G. § 5A. The PSR recommended 199 months: twelve months for Count One, 162 months for Counts Two through Seven, and twenty-five months for Count Eight.

### C. Motion to Withdraw the Plea to Count One

After receipt of the PSR, and before sentencing, Toothman moved to withdraw his guilty plea to Count One. The district court denied Toothman's motion following a hearing, stating that granting the motion would impermissibly ignore the content of the Rule 11 proceeding the court held before accepting Toothman's plea.

---

**7.** The PSR reached the AOL after adding two levels for one victim's psychological injury, six levels for Toothman's position as a public official at the time of the offense, and two levels for Toothman's obstruction of justice. Given Toothman's criminal history category of one, the

guideline range for an AOL of thirty-seven is 210 to 262 months. *See* U.S.S.G. § 5A.

**8.** The PSR reached the AOL after adding three levels for susceptible victims and two levels for obstruction of justice. Given Toothman's criminal history category of one, the guideline range

### D. The Sentence [9]

·The court sentenced Toothman in December 1996. The court agreed with the PSR's conclusion that criminal sexual abuse was the underlying offense in Count One. Thus, the court calculated a BOL of twenty-seven for Count One. The court added six levels for an offense occurring under the color of law and two levels for obstruction of justice. The court then subtracted two levels for acceptance of responsibility, resulting in an AOL of thirty three. The court calculated a BOL of twelve for Counts Two through Eight. The court added eight levels for Toothman's high-level decision-making position, two levels for susceptible victims, and two levels for obstruction of justice, resulting in an AOL of twenty-four.

The court then calculated the COL for all counts. Under the applicable grouping guideline, see U.S.S.G. § 3D1.4, the COL for all counts is determined by the group with the highest AOL. Because the court concluded the misdemeanor Count One had an AOL of thirty-three, and the felony counts had an AOL of twenty-four, the AOL for the misdemeanor determined the COL for all counts. As such, the court calculated a COL of thirty-three for all counts, with a resulting guideline range of 135 to 168 months. See Appellee's R. at 221. The court departed downward three levels based on Toothman's military record and psychological problems, resulting in a total offense level of thirty and a guideline range of 97 to 121 months. The court sentenced Toothman to a term of 109 months.

### II. Discussion

Toothman seeks to withdraw his plea to Count One, claiming he has shown "fair and just reason[s]" for permitting withdrawal.[10] See Fed.R.Crim.P. 32(e); United States v. Hyde, —— U.S. ——, ——, 117 S.Ct. 1630, 1633, 137 L.Ed.2d 935 (1997) (discussing Federal Rule of Criminal Procedure 32(e)). The overall thrust of Toothman's challenges is one of fundamental fairness.

Toothman claims that with respect to Count One, he and his counsel reasonably understood he was pleading guilty to a misdemeanor which would invoke a guideline range of ten to sixteen months.[11] See U.S.S.G. §§ 2H1.1(a)(4), 2H1.1(b)(1), 5A. As we noted previously, Toothman's Count One plea resulted from unrecorded negotiations that occurred on the first day of Toothman's trial, and in the midst of hearings on Toothman's Garrity and Miranda challenges. Toothman's counsel contends that during these negotiations, he repeatedly told government counsel Toothman was not guilty of sexual assault or of any § 2242 violation. Further, defense counsel contends that during these negotiations, Toothman refused to plead guilty to any felony civil rights violation, and the government told Toothman it only sought his guilty plea to the misdemeanor civil rights violation because the Civil Rights Division of the Department of Justice was involved in the case, and it wanted Toothman charged with a civil rights violation.

··As a result of these negotiations, the government ·filed a Superseding Information that reduced the charge under § 242 to a misdemeanor by deleting all references to

---

for an AOL of twenty-five is fifty-seven to seventy-one months. See U.S.S.G. § 5A.

**9.** Before sentencing, Toothman raised numerous objections to the PSR. In particular, Toothman challenged the determination that criminal sexual abuse is the underlying offense of the § 242 misdemeanor charge in Count One. Toothman also challenged the determination that he held a high-level decision-making position which resulted in an eight-level increase to the BOL for his bribery charges. The district court rejected these challenges.

**10.** Toothman also challenges the court's finding that he was a public official holding a high-level decision-making position, resulting in an eight-

level increase in the BOL for the § 201 counts. On this charge, we summarily affirm the district court's finding on the ground that in light of the record, this finding is not clearly erroneous. See United States v. Edmonds, 103 F.3d 822, 826 (9th Cir.1996) (reviewing for clear error district court's application of Sentencing Guidelines to facts).

**11.** There was no dispute at that time that the bribery counts would result in a BOL of twelve, plus whatever enhancements the court might add.

sexual conduct and bodily injury. Toothman then waived all of his pending motions, including his constitutional challenges. The government's attorney, according to Toothman's counsel, congratulated defense counsel on the bargain and told him what a great job he had done for his client; government counsel told Toothman's counsel that he had, in effect, "robbed the candy store." Toothman's counsel revealed these statements to the court, and the government did not deny making them.

As we discuss *infra*, there is nothing in the record to refute Toothman's understanding that his plea of guilty to Count One, and to all other counts for that matter,[12] would invoke a basic guideline range of ten to sixteen months. In fact, the discussion of sentencing during Toothman's plea hearing, set forth *supra*, shows that both the government and the trial judge confirmed Toothman's understanding.

Rather than fulfilling this understanding, the district court concluded the "underlying offense" of Count One was felony criminal sexual abuse, in violation of 18 U.S.C. § 2242(1). This resulted in a BOL for the Count One misdemeanor that is the same as the BOL for a felony violation of § 2242(1). In the end, Toothman received the sentence he would have received had he gone to trial and been convicted of felony sexual abuse.[13]

Toothman claims his plea was not "voluntary" as required by Federal Rules of Criminal Procedure 11.[14] Rule 11 requires a court to address a defendant personally in open court and inform the defendant of, and determine the defendant understands, the numerous consequences of pleading guilty. Fed. R.Crim.P. 11(c); *Hyde,* —— U.S. at ——, ——, 117 S.Ct. at 1633. This court outlined the broad parameters of Rule 11 in *United States v. Bruce,* 976 F.2d 552, 559 (9th Cir. 1992):

> "[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary .... [and] produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." The question whether the district court's colloquy with the defendant satisfies the requirements of Rule 11(c)(1) is a matter of law which we review de novo. While that determination depends upon "'the peculiar facts of each situation, looking to both the complexity of the charge and the personal characteristics of the defendant,'" we are required to base our resolution of that question solely on the basis of the record of the plea proceeding.

*Id.* (citations omitted).

The government asserts that during the Rule 11 colloquy, the court informed Toothman of the statutory maximums for each

---

**12.** Toothman does not challenge his guilty pleas to Counts Two through Eight. This makes sense. The BOL of twelve the court calculated for Counts Two through Eight at Toothman's sentencing hearing, and the resulting basic guideline range of ten to sixteen months, mirrors the information counsel and the court gave to Toothman during the Rule 11 colloquy.

**13.** The government urges a plain reading of the Guidelines requires such a result, and Toothman should have anticipated this result. During the hearing on Toothman's motion to withdraw his plea, and in support of this position, the government told the court "what Mr. Toothman pleaded guilty to was a hundred and six years." *See* Appellant's R. at 65. We view this statement with a jaundiced eye. Earlier in that same hearing, Toothman's attorney informed the court that he had turned down the government's pre-trial offer to stipulate to a sentencing range of thirty-seven to forty-six months.

When the court denied Toothman's motion to withdraw his plea, it observed:

> My uneasiness with denying it, in all candor, is the innuendo about what happened outside of this courtroom. I don't know-and I don't know if it's accurate, but, if, in fact, there was representations between counsel, it seems to me that counsel would live up to those expectations; however, that's not before me.... There are certainly no facts before me to determine one way or another that the innuendo is, in fact, true.

*See* Appellant's R. at 73.

**14.** Toothman further urges his plea was not voluntary because he received ineffective assistance of counsel in that his counsel erroneously informed him regarding his possible sentence. For the reasons discussed below, we deem it unnecessary to reach this specific challenge.

count to which he pleaded guilty, and the court was not obligated to tell the defendant what his exact sentence would be under the Guidelines. *See* Fed.R.Crim.P. 11(c)(1); *United States v. Ramos*, 923 F.2d 1346, 1357 (9th Cir.1991). While this may be true, it is axiomatic that the defendant should not be told one thing about the Guidelines during the Rule 11 colloquy, and experience another.

During the Rule 11 colloquy, the court told the defendant he would be sentenced under the Guidelines, and the court asked Toothman's counsel and government counsel which guidelines would apply. Toothman's counsel then indicated that with respect to Count One, the guideline for § 242 (U.S.S.G. § 2H1.1) would apply, and the BOL for Count One would be six. Toothman's counsel then indicated the BOL for Counts Two through Eight would be ten, plus two for more than one commission of the offense. The court then indicated to Toothman that assuming an offense level of twelve, the guideline range would be ten to sixteen months. When government counsel interjected that there was no agreement as to the appropriate application of the Guidelines, the court's response was, "I understand that, sir, but I have to advise him as to something."

Later in the colloquy, government counsel said there is "a guideline which allows the civil rights violation, although it's a misdemeanor, to include an addition which is applicable to an underlying offense." Government counsel then said "we're not talking about the government agreeing to these." The government attempts to take refuge in this statement. Yet, after making this statement, and without giving any explanation as to how the government's understanding of "underlying offense" would affect Toothman's sentence, government counsel concluded "The guideline range would be 10 to 16 months." Any reasonable person would conclude from this colloquy that the guideline

range for Count One would shadow the statutory maximum of one year.

The government contends it was aware all along that felony sexual abuse might constitute the underlying offense to the Count One misdemeanor, and raise the Count One BOL to twenty-seven. If this is true, then the government did an excellent job of hiding its awareness during the Rule 11 colloquy. As a matter of fundamental fairness, government counsel should have explained this possibility to Toothman. It defies all logic and common sense to conclude Toothman waived all of his rights with the intent and understanding that he would receive no benefit in return. It is obvious to this court Toothman would not have entered his plea if he had been so informed.

Under these circumstances, we think it clear that at the time of the plea, Toothman was informed by counsel and the court that the guideline range for all counts, including Count One, was ten to sixteen months. Although the corresponding BOL for Count One could be varied upward, such increases would not cause the AOL for Count One to reach a level whereby it would be determinative of the guideline range for the felony bribery counts.[15] Yet, this is exactly what happened in this case. Therefore, we conclude that Toothman was misinformed by the court, government counsel and his own counsel that the basic guideline range for all counts would be ten to sixteen months. Because of this misinformation, we do not believe Toothman was "equipped intelligently to accept the plea offer made to him." *See United States v. Watley*, 987 F.2d 841, 842 (D.C.Cir.1993) (Ruth Bader Ginsburg, J.); *see also United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir.1992) (defining "fair and just" reason for withdrawing a plea as "one that essentially challenges either the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted, the plea or the fulfillment of a promise or condi-

---

**15.** If the court had calculated a BOL of six for Count One, *see* U.S.S.G. § 2H1.1(a)(4), (b)(1), and had applied the same increases and decreases to that BOL as it applied to the BOL of twenty-seven, the AOL for Count One would have been twelve. *See* Appellee's R. at 221–223. Under the grouping guidelines, the AOL of the bribery counts-and not the AOL of Count One-would

have been determinative of the COL for all counts. *See* U.S.S.G. § 3D1.4. Given the court's conclusion that the AOL of the bribery counts was twenty-four, this AOL would have triggered a COL of twenty-four for all counts. *See id.* This is significantly lower than the COL of thirty-three the court calculated at Toothman's sentencing hearing.

tion emanating from the proceeding"). We find Toothman's plea was involuntary, and he has shown a fair and just reason for withdrawing his guilty plea to Count One. *See* Fed.R.Crim.P. 32(e).

Judgment vacated, the guilty plea is set aside, and the cause remanded to the court for further proceedings consistent with this opinion.

VACATED and REMANDED.