**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin Lamar LANG, Defendant–
Appellant.**

No. 00–2297.

United States Court of Appeals,
Sixth Circuit.

Sept. 6, 2002.

Before BATCHELDER and CLAY,

Circuit Judges; and ALDRICH,* District Judge.

BATCHELDER, Circuit Judge.

Defendant–Appellant Marvin Lang ("Lang") pleaded guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j). He now argues that the search that led to the discovery of the stolen firearm was unconstitutional, and that his guilty plea was involuntary. Finding no merit to his claims, we will affirm the judgment of the district court.

## Statement of Facts

On October 27, 1999, officers of the Detroit Police Department executed a warrant to arrest one Tony Reed on the charge of felon in possession of a firearm. They accosted Reed in a driveway, where he was standing talking with Lang. After ordering both men to lie down, an officer asked Lang if he had anything in his pockets; Lang said he had a gun. The officer then recovered the gun, a .32 caliber semiautomatic pistol.

Lang, as it turned out, had a considerable criminal history: he had five prior felony convictions, including a 1989 Alabama conviction for armed robbery, a 1990 Michigan conviction for bank robbery, and a 1991 federal conviction for bank robbery. Based on this evidence, a grand jury indicted Lang for knowingly possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1] Lang pleaded not guilty and filed a motion requesting the court to suppress the pistol because it had been de-

rived from an illegal search. The court held a hearing and then denied the motion.

Later the government filed a superseding information that charged Lang instead with the lesser offense of possessing a stolen firearm in violation of 18 U.S.C. § 922(j),[2] and Lang pleaded guilty to this charge in a Rule 11 plea agreement. On the day he was to be sentenced, Lang filed a motion to withdraw his guilty plea, arguing that he had been innocent of the charge of being a felon in possession because he was no longer a "felon" under Michigan law. See FED. R.CRIM. P. 32(e) (allowing defendants to withdraw their plea before the sentence is imposed "if the defendant shows any fair and just reason"). The district court denied this motion because Lang's guilty plea had been to the superseding charge of possessing a stolen weapon rather than to the original charge of being a felon in possession, and the court sentenced Lang to the bottom of the United States Sentencing Guidelines range for someone with his criminal history: 84 months. Lang now appeals.

## Analysis

### I. Whether the Search was Constitutional

We review for clear error the district court's factual findings regarding the motion to suppress, and *de novo* its legal conclusions regarding that motion. *United ed States v. Campbell*, 256 F.3d 381, 385 (6th Cir.2001).

Lang alleges that the officers "seized" him for purposes of the Fourth Amendment when they forced him to lie down,

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1. A conviction under this section, for a person like Lang with three prior convictions for violent felonies, carries a statutory mandatory

minimum fifteen-year sentence. 18 U.S.C. § 924(e).

2. A conviction under this section carries no statutory mandatory minimum sentence, and a maximum of ten years. 18 U.S.C. § 924(a)(2).

and that this seizure was unreasonable; he also alleges that the officer's question about whether Lang had anything "on him" constituted a Fourth Amendment search and was not supported by a reasonable suspicion of criminal activity.

■ We find it unnecessary to reach this constitutional question, however. Though under FED. R.CRIM. PRO. 11(a)(2) Lang could have entered a conditional plea of guilty and reserved the right to appeal on this issue, he did not, and his plea was unconditional. This being the case, he may not now challenge the search, since "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]"); *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir.1997). We conclude that we may not review Lang's challenge to the search.

## II. Whether Lang's Plea was Involuntary

■ Lang's argument here, in short, is that "[t]he Government's 'offer' to dismiss the original charge and proceed by way of an Information for Possession of a Stolen Firearm resulted in an illusory plea which should be vacated." His plea was illusory, he argues, because his rights had been restored under Michigan law and he was no longer a "felon," which means that the original charge against him as a felon in possession was baseless and the purported

favor the government was doing him by entering the possession of a stolen firearm charge was no favor at all. He asks that we remedy the situation by remanding to the district court for plea withdrawal.

Because Lang did not object to his guilty plea on the ground now alleged, our review is limited to plain error. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998). Under plain error review, we may only reverse if (1) there is error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the fairness, integrity or public reputation of the judicial process is seriously affected. *Id.* A guilty plea is considered valid if the defendant entered into it intelligently and voluntarily. *United States v. Layne*, 192 F.3d 556, 577 (6th Cir.1999). A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Additionally, a plea may be involuntary if the defendant did not understand what he was giving up and receiving in entering his guilty plea. *United States v. Toothman*, 137 F.3d 1393, 1400 (9th Cir.1998); *Hammond v. United States*, 528 F.2d 15, 18 (4th Cir.1975).

To determine whether in 1999 Lang was a "felon" for purposes of 18 U.S.C. § 922(g), we look to 18 U.S.C. § 921(a)(20): "[w]hat constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." For Lang's federal convictions we look to whether his rights had been restored under federal law; for his state convictions we look to whether his rights had been restored by the convicting state. *Beecham v. United States*, 511 U.S. 368, 371, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994).

The status quo is that Lang became a "felon" for purposes of federal law when in 1991 he was convicted of federal bank robbery and sentenced to 51 months in prison. Whether in 1999 Lang's rights had been restored under federal law is a complicated question, involving whether his federal civil rights had been restored, whether the Secretary of the Treasury had granted him relief from the disability imposed by § 922(g), and whether his federal civil rights must have been restored by an affirmative government action or whether that could have happened merely by operation of law. *Beecham,* 511 U.S. at 373 n.*; *see also United States v. Rhynes,* 206 F.3d 349, 376–77 (4th Cir.1999) ("[I]n absence of restoration of [the defendant's] civil rights by the Secretary of the Treasury, his conviction of possession of a firearm by a convicted felon was proper."). Lang, however, makes no attempt to show that any of his federal rights had been restored, focusing instead solely on his Michigan state rights. Consequently, we must conclude that the status quo remains unchanged: in 1999 Lang was a felon for purposes of federal law, and the original § 922(g) charge against him was real and not illusory; hence the purported favor the government did him by entering a lesser charge was a real favor, and his plea was neither unintelligent nor involuntary. Since the federal conviction alone is sufficient to trigger Lang's status as a felon under § 922(g), we need not consider his status under Alabama or Michigan law. Lang's voluntariness challenge fails.

### Conclusion

For the foregoing reasons, we **AFFIRM** the judgment of the district court.