**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rogelio ROBLEDO, aka Roy, Defendant—Appellant.**

No. 01–50508.

D.C. No. CR–00–01045–RMT–2.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Nov. 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

## MEMORANDUM**

Rogelio Robledo appeals his 188–month sentence imposed following a guilty plea to cocaine distribution charges. He claims that his guilty plea was involuntary because the district court failed to advise him that he would be treated as a career offender. Robledo also contends that the district court erred in determining that his two prior California drug convictions were career offender predicates, and asserts that he received ineffective assistance of counsel. We affirm.

## DISCUSSION

### 1. *Voluntariness of the Guilty Plea*

■ Robledo contends that the district court's failure to adequately advise him that he would be treated as a career offender violated Federal Rule Criminal Procedure 11 and rendered his guilty plea involuntary. Because he raises this claim for the first time on appeal, Robledo has the burden to show plain error affecting his substantial rights. *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Robledo does not, however, identify any text within Rule 11 that would require a district judge to warn a defendant of potential sentencing enhancements at the time of the plea. In-

stead, he relies solely upon *United States v. Toothman*, 137 F.3d 1393 (9th Cir.1998). That reliance is misplaced. The district judge in this case did not attempt to predict Robledo's ultimate guideline range nor did Robledo ever seek to withdraw his plea.

In *United States v. Selfa*, 918 F.2d 749, 752 (9th Cir.1990), we expressly rejected the argument raised here and held that a district court is under no obligation under Rule 11 to advise a defendant of the possibility that he would be sentenced as a career offender. Further, the terms of the plea agreement establish that Robledo was advised of the possibility that he could be considered a career offender and subjected to enhanced penalties. Based upon the foregoing, we reject Robledo's claim that his guilty plea was involuntary.

### 2. *Career Offender Predicates*

■ The career offender guideline provides that a defendant who has sustained two prior adult controlled substance offense convictions is subject to specified enhancement penalties. U.S.S.G. § 4B1.1. Robledo argues that the district court erred in treating his 1994 conspiracy conviction as a career offender predicate. He relies upon *United States v. Casarez–Bravo*, 181 F.3d 1074 (9th Cir.1999). There we held that a conviction under California Health and Safety Code § 11360(a) did not qualify as a predicate offense because the statute could have supported a conviction that would not have qualified as a controlled substance offense and because there were no other "judicially noticeable" facts to establish that the conviction otherwise would have qualified. *Id.* at 1078.

The Government concedes that the underlying transportation offense referenced

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in Robledo's 1994 conviction would not sustain a career offender predicate finding. However, where the statutory definition of the crime fails to fall within the guideline's definition of a predicate controlled substance offense, the sentencing court must then "examine documentation or judicially noticeable facts" to determine if the conviction otherwise qualifies. *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1106 (9th Cir.2002).

The district court properly relied upon the underlying transcript from Robledo's change of plea hearing, which established that Robledo actually pleaded guilty to conspiring to possess controlled substances for sale and did not plead guilty to possession or transportation for personal use. The presentence report also directly addressed this concern by examining the change of plea transcript and police reports. Accordingly, we reject Robledo's claim that the district court erred in sentencing him as a career offender.

3. *Ineffective Assistance of Counsel*

◼ Ineffective assistance claims are ordinarily left for collateral habeas proceedings and will only be considered on direct review where the record is sufficiently developed to permit determination of the issue or where the legal representation is so inadequate that the defendant obviously was denied Sixth Amendment right to counsel. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000), *cert. denied*, 531 U.S. 1095, 121 S.Ct. 821, 148 L.Ed.2d 705 (2001). Here, we cannot tell from the record whether Robledo has been denied his constitutional right to counsel. We therefore decline to consider Robledo's

claims of ineffective assistance on direct appeal.

**AFFIRMED.**