NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0034n.06
Filed: October 20, 2004

**No. 03-5568**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

KEITH DOUGLAS WOOTEN,                    )
                                          )
        Petitioner-Appellant,            )
                                          )
v.                                        )    On Appeal from the United States
                                          )    District Court for the Middle
FRED RANEY, WARDEN,                       )    District of Tennessee
                                          )
        Respondent-Appellee.             )

**Before:      BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.**[*]

**PER CURIAM.** Petitioner-Appellant Keith Douglas Wooten, a state prisoner in

Tennessee, appeals the district court's denial of his petition for a writ of habeas corpus. Wooten

claims his state conviction for robbery with a deadly weapon should be overturned because his plea

of *nolo contendere* was involuntary, and because he was denied the effective assistance of counsel.

For the following reasons, we affirm.

**I**

In 1988, Keith Wooten was charged with committing two armed robberies. The first took

place in Wilson County, Tennessee, on May 17, 1988. The second robbery took place the next day

in Carroll County, Tennessee. Wooten was convicted of the Carroll County robbery and sentenced

---

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District
of Michigan, sitting by designation.

to 40 years in prison. Six days prior to his scheduled trial for the Wilson County robbery, Wooten agreed to a plea bargain in order to avoid serving any additional prison time for the Wilson County robbery. He pleaded *nolo contendere* to two counts of robbery with a deadly weapon, and received two 35-year sentences to run concurrently with each other, and also with the existing 40-year Carroll County sentence.

On July 5, 1990, the Tennessee Court of Criminal Appeals reversed Wooten's Carroll County conviction (and 40-year sentence), finding that the admission of eyewitness testimony relating to the Wilson County robbery was a prejudicial error. Wooten later pleaded guilty to a lesser offense and was given a ten-year sentence. For obvious reasons, this turn of events made the 35-year sentences agreed to in the Wilson County case considerably less attractive to Wooten, and he began challenging the constitutionality of the *nolo contendere* plea that resulted in those sentences.

In the habeas petition that is the subject of this appeal, Wooten sought relief on two grounds. First, he claimed his plea was involuntary because the state trial court made erroneous statements during the plea colloquy with regard to the possible combinations of offenses of which Wooten could be convicted at trial, and the possible sentences he could face if convicted on all counts. Wooten claimed he was told by both his trial counsel and the trial court that he faced the prospect of conviction on all six charges brought against him, and therefore the possibility of up to four consecutive life sentences. In fact, he claimed, because some of the offenses with which he was charged were lesser included offenses of other charges, he could not have been convicted on all the charges, and would have faced a maximum of only two life

sentences.  Wooten claimed he would not have pleaded *nolo contendere* had he known his plea would save him (according to his own estimates) only 25-85 years of imprisonment, rather than the 120-165 years he allegedly was led to believe.

Second, Wooten claimed he was denied the effective assistance of counsel.  He claimed that his trial counsel failed to file motions in limine to suppress certain evidence, failed to inform him about plea offers and negotiations and the sentencing exposure he faced at trial, and erroneously told him that he would be given credit for 298 days of time served under the terms of the plea agreement.  Wooten also claimed that the state courts failed to apply the correct legal standards to determine whether he received ineffective assistance of counsel.

The district court denied Wooten's petition.  The court considered the merits of only one of Wooten's claims:  the claim that his trial counsel erred by failing to file certain pre-trial motions.  The court applied the standard of review mandated by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  The district court declined to hold that the Tennessee Court of Criminal Appeals had unreasonably applied federal

law in holding that trial counsel's tactics with regard to the motions at issue did not constitute ineffective assistance of counsel.[1]

The court found Wooten's other claims to be barred by AEDPA. It found that three claims -- that Wooten's plea was involuntary due to trial court error, that the state courts employed an erroneous standard of review, and that Wooten's trial counsel failed to inform him of plea negotiations and offers -- were new claims raised for the first time only in Wooten's second amended petition in federal court, and were therefore barred by AEDPA's one-year statute of limitations.[2] Finally, the court found that the claim of attorney error about credit Wooten would or would not receive for time served was procedurally barred under AEDPA because Wooten failed to exhaust all available remedies available to him under state law.

**II**

We review the district court's denial of a petition for writ of habeas corpus *de novo* and the court's findings of fact for clear error. *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

We need not address the district court's finding that Wooten's involuntariness claim was time-barred by AEDPA statute of limitations, because we agree with the state trial court, before which Wooten first made this claim, that it is without merit. Factual findings of a state court that

---

[1]    The Court of Criminal Appeals found that Wooten's attorney was prepared to file the motions in question had the case gone to trial, and had acted reasonably in light of the trial court's practice of considering motions in limine only at the beginning of trial. *See Wooten v. State*, 1993 WL 273896, *2 (Tenn. Crim. App. July 22, 1993).

[2]    The court did not explicitly consider Wooten's claim that his trial counsel failed to inform him accurately about the range of possible sentences he faced at trial, apparently deeming this claim time-barred along with the claim that his counsel failed to inform him of plea offers and negotiations.

a plea was voluntary are accorded a presumption of correctness, and the state will generally satisfy its burden of showing that the plea was voluntary simply by producing a transcript of the state court proceedings, as it has done in this case. *See Garcia v. Johnson*, 991 F.2d 324, 327 (6th Cir. 1993). Wooten waived his right to a jury trial, declared that he understood the consequences of his plea and had not been coerced into pleading, stated that he was satisfied with his counsel's advice, and agreed that his lawyer made no representations to him about the consequences of his plea with regard to his pending appeal in the Carroll County case.

Although a plea may be deemed involuntary if a defendant did not understand what he was giving up and receiving in entering his guilty plea, *see, e.g.*, *United States v. Lang*, 46 Fed. Appx. 816, 818 (6th Cir. 2002) (unpublished opinion), it is clear from the record before us that Wooten did understand exactly what he was getting by pleading *nolo contendere*: the chance to serve his sentence for the Wilson County robbery concurrently with his existing Carroll County sentence, and thereby avoid the addition of any consecutive time to his existing 40 years. *See, e.g.*, JA 178 ("[Counsel] was telling me they could run them each consecutive. Each consecutive. Well, when he's saying that, I'm sitting here like, life sentence, life sentence. I ain't going to live that long, you know."). We therefore agree with the state trial court that Wooten's plea was made voluntarily.

Furthermore, even if we assume, *arguendo*, that Wooten had an erroneous understanding of his maximum sentence at trial, we have no reason to believe that the trial court's instructions played any significant role in such a misunderstanding. Wooten agreed to plead *nolo contendere* before the plea colloquy. The trial court's statements about the potential term of imprisonment

he could have received if he had not agreed to the plea bargain did not induce him to agree to that plea bargain in the first place or cause him to change his mind about an agreement already reached. Wooten's claim that his plea was involuntary is without merit.

### III

A defendant asserting an ineffective assistance of counsel claim generally must show not only that defense counsel's performance was deficient but also that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on his ineffective assistance claims, therefore, Wooten had to prove (1) that his counsel's performance was objectively deficient; and (2) there is a reasonable probability that, but for his counsel's erroneous advice, he would not have accepted the plea bargain he was offered. *See Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003).

As explained above, the record before us makes clear that Wooten's primary motivation in agreeing to plead *nolo contendere* was to avoid the addition of *any* jail time to his existing 40-year sentence. Assuming, *arguendo*, that Wooten's trial counsel was ineffective in each of the ways Wooten claims, it is clear that neither the failure to file pre-trial motions, the failure to inform Wooten of certain plea offers and negotiations, nor a false promise of credit for time served, would have diminished to any meaningful degree the attractiveness of the deal Wooten was offered and accepted. And while in some cases the failure to inform a defendant correctly of his sentencing exposure at trial may constitute ineffective assistance of counsel, *see, e.g.*, *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001) (holding that the defense counsel's erroneous advice concerning sentence exposure "fell below an objective standard of

reasonableness under prevailing professional norms"), in this case the prospect of even the two consecutive life sentences Wooten claims he would have faced at trial was sufficiently unattractive to Wooten to make the offer of concurrent sentences impossible to reject. It is only events that occurred after Wooten pleaded *nolo contendere* that dimmed the luster of the plea agreement.

We therefore find that Wooten failed to establish that he was prejudiced by any of his trial counsel's alleged deficiencies, as required by *Strickland*. Because Wooten's ineffective assistance claims are without merit, we need not address the district court's findings that those claims were barred by AEDPA.

**IV**

For the reasons discussed above, we AFFIRM the district court's denial of Keith Douglas Wooten's petition for habeas corpus.