**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0777n.06
Filed: November 5, 2007

**No. 06-6376**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Richard Jones, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KEITH and ROGERS, Circuit Judges; ALDRICH, District Judge.[*]

**ROGERS,** Circuit Judge.  Richard Jones was convicted under 18 U.S.C. § 922(g)(1) of unlawful possession of a firearm by a felon, the predicate conviction being his 1971 Georgia court conviction for aggravated assault and murder.  After relocating to Tennessee following his Georgia conviction, Jones had obtained a Tennessee court restoration of rights.  The district court rejected his motion to dismiss the federal felon-in-possession charge based on the Tennessee order, and Jones pled guilty to the § 922 charge.  He was convicted and sentenced.  Jones argues on appeal that: (1) Tennessee's restoration of his "full rights of citizenship" barred his prosecution under § 922(g)(1); (2) his 1971 conviction should not have been considered in determining the base offense level of his

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

sentence; and (3) his prosecution and conviction under § 922 violate the *Ex Post Facto* Clause.

Because under the federal felon-in-possession statute we must look to Georgia law rather than

Tennessee law regarding restoration of rights, and because Jones's other arguments are without

merit, we affirm.

On March 3, 1971, Richard Jones was convicted of aggravated assault and murder in

Jackson, Georgia. His sentences for those convictions expired on January 21, 1991. The

Government asserts—and Jones does not dispute—that on January 4, 1991, the Georgia State Board

of Pardons and Parole restored Jones's civil and political rights, expressly excluding the right to

"receive, possess, or transport in commerce a firearm." In the meantime, Jones moved to Tennessee,

where his "full rights of citizenship" were restored on November 23, 1994, by a state circuit court

in Hamilton County, Tennessee.

On February 2, 2004, Jones was arrested in Chattanooga, Tennessee, on domestic violence

charges. During a search incident to his arrest, the Chattanooga Police found 10 firearms at the

residence. Jones admitted owning the guns, which included 4 or 5 rifles, 5 pistols, and 1 shotgun.

All of the firearms were manufactured outside of Tennessee and had previously been shipped in

interstate commerce.

On November 1, 2005, Jones was indicted by a federal grand jury for violation of 18 U.S.C.

§ 922(g)(1), which makes it unlawful for any person "who has been convicted . . . of a crime

punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C.

§ 922(g)(1) (2000).  Jones filed a motion to dismiss based on the Tennessee restoration of rights, which motion the district court denied.  Jones entered a guilty plea, reserving the right to appeal the district court's ruling on his motion to dismiss.  He was sentenced to 18 months in prison.  The district court determined that, because Jones was a "prohibited person" at the time of his 2004 offense, the base level for his sentence was 14 under the federal Sentencing Guidelines.  Four levels were added because the offense involved 10 firearms, and three levels were removed because Jones accepted responsibility, resulting in a total level of 15.  Jones now appeals his conviction and sentence.

Jones argues on appeal that his Tennessee restoration of rights precludes his federal prosecution for felon-in-possession.  However, the law is clear that Jones's rights must be restored under Georgia law for this purpose.

Georgia law, rather than Tennessee law, determines whether Jones's 1971 conviction constitutes a predicate offense under 18 U.S.C. § 922(g)(1).  Chapter 28 of the United States Code makes it unlawful for any person "who has been convicted . . . of a crime punishable by imprisonment for a term exceeding one year" to

> ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (2000).  In defining the phrase "crime punishable by imprisonment for a term exceeding one year," Congress provided:

> What constitutes a conviction of such a crime shall be determined *in accordance with the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored* shall not be considered a conviction for purposes of this chapter, *unless* such pardon, expungement, or restoration of civil rights *expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added). In other words, this exemption clause provides that a conviction for which a person has had civil rights restored is not considered a predicate conviction under § 922(g)(1), "unless" the restoration "expressly provides that the person may not . . . possess . . . firearms."

The Supreme Court in *Beecham v. United States* squarely held that, under this provision, the law of the jurisdiction in which proceedings were held applies not only to what is a conviction, but also to the effect of post-conviction events under the statute. 511 U.S. 368, 372 (1994). The Court expressly rejected a contention that the applicable law was instead the state law of the place of later weapon possession. *Id*.; *see also United States v. Lang*, 46 F. App'x 816, 818 (6th Cir. 2002) (unpublished) (applying the *Beecham* rule).

Jones's argument based on Tennessee law is therefore unavailing, and he has neither claimed nor set forth evidence that his Georgia restoration contained no express firearms limitation. Absent such a contention regarding Georgia law, Jones's 2004 prosecution under § 922(g)(1) for possession of firearms was proper. See *United States v. Flower*, 29 F.3d 530, 535 (10th Cir. 1994), which held that it is up to the felon-in-possession defendant to challenge the admissibility of a prior conviction.

It was also proper for the district court to consider Jones's 1971 conviction in calculating his sentence under the Sentencing Guidelines. The Guidelines instruct the court to apply a base offense level of 14 if the defendant "was a prohibited person at the time the defendant committed the instant offense." U.S.S.G. § 2K2.1(a)(6)(A). "Prohibited person" is defined in Application Note 3 to mean "any person described in 18 U.S.C. 922(g) or 922(n)." Section 922(g) lists certain categories of individuals who are prohibited from, among other things, receiving firearms that have been transported in interstate commerce. 18 U.S.C. § 922(g). For the reasons stated above, Jones is properly considered to be one of the persons prohibited by § 922(g) from possessing such firearms. Because he is a "prohibited person" under § 922(g), the district court properly assigned him a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6)(A).

Finally, contrary to Jones's argument, his prosecution under § 922(g)(1) does not violate the *Ex Post Facto* Clause. The prohibited conduct—his possession of a firearm—occurred after the enactment of § 922. *See, e.g.*, *United States v. Haire*, 89 F. App'x 551, 555 (6th Cir. 2004) (unpublished); *United States v. Pfeifer*, 371 F.3d 430, 436-37 (8th Cir. 2004); *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001); *United States v. Mitchell*, 209 F.3d 319, 322-23 (4th Cir. 2000); *United States v. Brady*, 26 F.3d 282, 290-91 (2d Cir. 1994).

For the foregoing reasons, we affirm Jones's conviction and sentence.