FILED

**NOT FOR PUBLICATION**

FEB 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50371 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-50(A)-GAF-12 |
| v. | |
| MARGARITO VARGAS, aka Suki, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted December 11, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.**

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\* The Honorable William E. Smith, Chief United States District Judge for the District Rhode Island, sitting by designation.

Appellant Margarito Vargas appeals the district court's denial of his motion to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Appellant contends that he was coerced into pleading, and did not understand that he was agreeing to a binding 25-year sentence. We affirm.

"We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea." United States v. Showalter, 569 F.3d 1150, 1154 (9th Cir. 2009). Factual findings that "underlie" the district court's decision are reviewed for clear error. Id.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his plea upon showing "a fair and just reason for requesting the withdrawal." The defendant bears the burden of establishing that such a reason exists. See, e.g., United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005). "While the defendant is not permitted to withdraw his guilty plea 'simply on a lark,' . . . the 'fair and just' standard is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (quoting United States v. Hyde, 520 U.S. 670, 676-77 (1997)).

1. The district court committed no clear error in finding that Vargas was not coerced into pleading guilty. Coercion may form a proper basis for permitting a defendant to withdraw a guilty plea. United States v. Caro, 997 F.2d 657, 659-60

(9th Cir. 1993). Whether Vargas was coerced must be examined from his subjective state of mind. See Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986). Vargas advances three arguments to support his position that he was coerced: 1) that his trial attorney pressured him into accepting a plea agreement in contravention of Vargas's Fifth Amendment rights; 2) that his trial attorney provided inadequate legal advice, rendering the plea invalid; and 3) that his plea was a package deal involving his brothers, rendering it involuntary. The district court considered all three arguments and properly rejected them.

First, the record reveals that trial counsel advised Vargas in a straightforward manner that pleading guilty was in his best interest. Such a frank assessment of Vargas's predicament does not amount to coercion. Indeed, trial counsel would have been derelict in his duty to Vargas had he not provided an honest opinion of Vargas's chances of success if he took his case to trial.

Second, trial counsel provided the requisite "necessary and accurate information" when advising Vargas about pleading guilty. Iaea, 800 F.2d at 865. That trial counsel used a paralegal and investigators to prepare the case and communicate with Vargas is unremarkable. Here, trial counsel filed a series of motions, strategically did not join motions he thought were harmful, reviewed evidence with his client, and advised him of the benefits and pitfalls associated

3

with pleading guilty. He also arrived at court on the first day of trial ready to proceed. Vargas failed to present a plausible argument for why this conduct was deficient, or why its deficiency took away the voluntary nature of his plea.

Third, Vargas asserts that the package nature of his plea renders it involuntary, especially when we consider that Vargas's brothers were the codefendants subject to the package plea agreement. The district court did not clearly err in concluding that Vargas was not coerced in light of its colloquy with Vargas and the subsequent hearing on his motion to withdraw his guilty plea. Package plea deals are permissible. United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir. 1987). When dealing with a package deal, the district court must engage in a "'more careful examination' of [the] voluntariness" of the plea. Caro, 997 F.2d at 660 (quoting United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984)).

Here, the district court knew that Vargas's plea bargain was part of a package deal and inquired during the Rule 11 plea colloquy whether Vargas had been coerced into changing his plea. Vargas stated he had not. It would have been preferable for the district court to ask Vargas specifically whether the package deal benefitting his family members coerced him into pleading guilty. However, the

4

hearing held by the district court following Vargas's motion to withdraw confirmed that it had not.

In reaching its conclusion on this issue, the district court rejected an affidavit from Vargas and instead relied upon Vargas's Rule 11 colloquy and the testimony from Vargas's trial attorney and trial counsel for one of Vargas's codefendants. It committed no error in doing so. See Castello, 724 F.2d at 815; see also United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001) ("We give 'substantial weight' to [a defendant's] in-court statements, . . . and we accept [a] district court's findings . . . [unless] firmly convinced they are wrong." (quoting United States v. Mims, 928 F.3d 310, 313 (9th Cir. 1991)). In addition, the district court noted Vargas's demeanor at his change of plea hearing and found that Vargas did not display "the slightest reluctance, hesitance, or confusion during the proceedings." Thus, the district court did not clearly err in finding that Vargas was not subjectively coerced into pleading guilty. United States v. Jimenez-Dominguez, 296 F.3d 863, 869 (9th Cir. 2002) ("Although it is difficult to probe the highly subjective state of mind of a criminal defendant, the best evidence of his understanding when pleading guilty is found in the record of the Rule 11 colloquy.").

2. The district court did not commit clear error in finding that Vargas understood he faced 25 years in prison. Fair and just reason to withdraw a plea may exist where a defendant is misinformed about the basic sentence range he is facing, United States v. Toothman, 137 F.3d 1393, 1399-1400 (9th Cir. 1998), but where, as here, the record shows that the defendant understood the sentence he was facing, withdrawal is only permitted in "exceptional circumstances," United States v. Briggs, 623 F.3d 724, 729 (9th Cir. 1998). Because the district court did not clearly err in concluding that Vargas understood that he would be sentenced to 25 years, it was not an abuse of discretion to deny his motion to withdraw his guilty plea.

Vargas claims that he did not subjectively understand that he would be sentenced to 25 years in prison if he pled guilty, but instead thought his sentence was capped at 25 years with the opportunity to argue for less. Vargas's trial counsel testified that he explained to Vargas that the plea agreement called for a 25-year sentence with no opportunity to argue for less. The differences in a binding plea and a capped plea were explained to Vargas on numerous occasions. Additionally, Vargas does not dispute that the Assistant United States Attorney pointed to each defendant individually and stated exactly the term of years each would receive upon pleading guilty.

6

Finally, the district court appropriately relied upon Vargas's plea colloquy, where he said he understood the nature of his plea and did not have any questions. In this colloquy, Vargas acknowledged that he had gone through the agreement line by line and had no questions about it. The colloquy represents "strong evidence" that Vargas understood the 25-year term. <u>Briggs</u>, 623 F.3d at 728.

**AFFIRMED.**